GLASCO, Plaintiff-Appellee v. MENDELMAN, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3664.   Decided November 15, 1943.

258

Arnold, Wright, Purpus & Harlor, Columbus, for plaintiff-appellee.

Phil S. Bradford, Columbus, and Clifford L. Rose, Columbus, for defendant-appellant.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

On or about January 30, 1940, and for some time previous thereto, the plaintiff, Alva Glasco, lived at her home on Livingston Avenue. Plaintiff's residence was on the south side of the street and about midway between intersecting streets. On the said 30th day of January, 1940, she left her home intending to take a street car which regularly stopped on Livingston Avenue near its intersection with Miller Avenue. Instead of going either east or west to the regular crosswalk within reasonable distance, she walked directly across the street from south to north. There was a constructed walk from about the center of her property down to the curb. According to her testimony, when she reached the curb she looked both to the east and west, and saw a car in the first intersection to the east. This car had not yet made its turn, but it came into Livingston at a dead end and it had to turn either to the east or west. She proceeded northwardly across the street without looking again, and when she was within about five or six feet of the northerly curb she was struck by this car. The point of contact with the car was either the right end of the bumper or the front end of the right front fender. Defendant was driv-

ing his car at a low rate of speed, and after the impact stopped the car almost instantly, although there was packed snow on the street from the snow storm of the previous day. The defendant did not see plaintiff until she passed in front of his car. At that time he instantly applied the brakes, but not in time to avoid striking plaintiff.

Plaintiff set out in her petition nine separately stated and numbered specifications of negligence. Nos. 3, 4 and 8 were by the Court withdrawn from the consideration by the jury for the reason that there was no supporting evidence. Specification No. 1 in substance alleges that defendant failed to stop his automobile or turn the same aside in order to avoid striking the plaintiff when he saw her or in the exercise of ordinary care should have seen her crossing said Livingston Avenue.

Specification No. 2 charged that defendant failed to keep a lookout, etc.

Specification No. 5 complained the defendant operated his automobile with the windshield so covered with dirt and mist that he was unable to observe pedestrians, etc.

Specification No. 6 complained that defendant operated **his automobile without having the windshield wipers in opera**tion so as to remove the dirt and mist covering the same.

Specification No. 7 complained that defendant failed to sound a horn or to give any other warning, etc.

Specification No. 9 charged that defendant operated his automobile at a speed which would not permit him to stop within the assured clear distance ahead.

Plaintiff sought damages in the sum of $25,000.00.

Defendant admitted certain formal allegations of the petition, but denied all allegations charging him with unlawful conduct or negligence. The answer also averred that plaintiff was guilty of negligence which was the sole cause of the accident.

The case came on for trial a second time. In the first trial the jury returned a verdict of $2000.00 which, on motion for new trial, was set aside. On the second trial, the jury again returned a verdict of $2000.00. Motion for new trial was filed within time, overruled and a notice of appeal duly filed through which the cause was lodged in our Court.

Counsel for defendant-appellant presents and discusses ten separately stated and numbered assignments of error. The first assignment complains that the trial Court committed prejudicial error in admission of evidence. The specific evidence appears on page 12 of the bill of exceptions. Plaintiff in her

testimony narrated a conversation she had with the defendant-appellant when she was being taken to a hospital in defendant's car. In substance, plaintiff said that she requested defendant to stop at Linwood Avenue so that she might tell her granddaughter that she had been injured and request her to come to the hospital. This witness further testified that the defendant replied, "I haven't time to fool around with you. I will take you up and let one of the doctors hunt up your people." Counsel for defendant-appellant did object to the first part of the answer, but did not interpose any objection to the latter part of the answer, the quoted part above. It thereby appears that defendant failed to protect the record so as to save the question now claimed to be prejudicial. It is argued that the answer of the witness would have a tendency to create sympathy for plaintiff and prejudice against defendant. For the reasons stated we may not consider this particular ground of error.

Assignments of error Nos. 2 and 3 will be referred to later.

Assignment of error No. 4 urges that the trial court committed error in refusing to give special charge to the jury before argument. We find that the Court did give a requested charge before argument which in substance contained almost the identical language as contained in the requested charge refused by the Court, except one referring to the provisions of an ordinance, and the other to identical provisions of statutes. We find no prejudicial error in the Court's refusing to give the special request referred to.

Under assignment of error No. 5 it was urged that the Court erred in charging the assured clear distance ahead provisions of the Ohio General Code. The provisions of this section of the Code are so well known that it is unnecessary to copy therefrom. The trial Court's charge was in the usual language where under the facts and conditions this particular provision of the Code is applicable. Under the state of the record in the instant case we think that the Court was in error in charging on the assured clear distance ahead, for the reason that the uncontradicted evidence disclosed that plaintiff unlawfully and negligently walked in front of defendant's car, and when he first saw her she was in such close proximity that it was impossible to stop before striking her. We held in the case of **Proctor v White, 22 Abs p. 115,** that the assured clear distance provision of the Code applied to anything in the line of vision of the motorist which is static, or present long enough for him to observe, and has no applica-

tion to movement by a person into a line of vision so suddenly that in the exercise of ordinary care there is neither the space nor the opportunity to stop the car. We hold that the Court prejudicially erred in charging on the question of assured clear distance ahead.

Under this same specification complaint is made that the Court in its general charge repeatedly questioned whether the plaintiff was guilty of negligence and was submitting the question to the jury notwithstanding the Court before argument had correctly charged that the plaintiff was guilty of negligence in unlawfully crossing the street as a jaywalker. We doubt very much if the trial court intended to charge the jury that it was their obligation to determine whether or not the plaintiff was guilty of negligence, but in certain instances the language used might be so construed. The fact is that under the record the plaintiff was guilty of negligence as a matter of law, and it was so recognized when directly presented to the Court and even plaintiff's counsel admits his client's negligence.

Under this same specification complaint is made that the trial court in his charge to the jury emphasized the possibility that the windshield was dirty. The record does present some unfortunate language, but it is our view that reference was being made to the testimony rather than to any statement of fact by the trial court, and we think this theory is so manifest that the jury could not have misunderstood.

Under assignment of error No. 6 complaint is made that the Court erred in overruling defendant's motion to withdraw a juror and declare a mistrial because of certain claimed misconduct on the part of a certain member of the jury. The record discloses that after the trial court had completed his instructions and ordered the jury to retire, juror No. 10 requested that he might be permitted to ask a question, and the request was granted. The following is a full statement of the question asked: "I want to know when a verdict is reached and the sum of money settled by the jurors if that is it the No. 9, the average taken of the various amounts of the group". The Court directly answered that the jury could not compromise or reach a quotient verdict. There was further colloquy between this juror and the Court, but not of any consequence. The manner in which the juror asked the question might lead to the inference that he had in mind but one form of verdict and that was in favor of plaintiff. It was rather strange that the verdict returned was not signed by this juror. We do not think that the question and the Court's answers were such as to

in any way influence the action and the verdict of the jury. We find no prejudicial error under this assignment.

Under assignment of error No. 7 it is argued that the trial court erred in refusing to submit to the jury interrogatory No. 1, which reads as follows: "If you return a general verdict, do you, the jury, find the plaintiff, Mrs. Glasco, guilty of negligence?" The trial court refused to give this request for the reason that there was no issuable fact to be submitted to the jury for the reason that the Court had already charged that Mrs. Glasco was guilty of negligence as a matter of law.

There was submitted in connection with this interrogatory No. 1 a second question which stated that if the jury answered No. 1 in the affirmative, then they should answer if such negligence was a proximate cause of the accident. The Court proffered to give the substance of the two requests, but when the trial court refused to give No. 1, counsel withdrew No. 2. There was no error in the Court's action as related to the above. Defendant says he made request for finding upon the following question of fact: "Was the defendant negligent? If your answer to defendant's request No. 1 is 'Yes', state of which that negligence consisted." No. 1 was submitted to the jury and No. 2 refused. In our judgment, if made, both requests should have been submitted. **Oyster v Kuhn, 65 Oh Ap 533.** However, the record does not support claim that request was made.

Assignment No. 8 will be discussed in connection with Assignments 2 and 3.

Assignment No. 9 complains that the Court erred in overruling defendant's motion for a new trial. This assignment, of course, embraces all others and since we have found prejudicial error it necessarily follows that the Court was in error in not granting motion for new trial. However, our discussion of assignments Nos. 2, 3 and 8 will obviate the granting of a motion for a new trial, provided we find that final judgment should be entered in favor of the defendant and against the plaintiff.

Assignment No. 10 charges that the judgment is against the weight of the evidence and this assignment will likewise be discussed with 2, 3 and 8.

Assignments 2, 3 and 8 complain, under 2, that the Court erred in overruling defendant's motion to direct a verdict at the close of plaintiff's case; under 3, that the Court erred in

overruling motion to direct verdict at the close of all the evidence; and No. 8, that the Court erred in overruling the defendant's motion for judgment notwithstanding the verdict.

Assignment No. 10 questions the weight of the evidence and demands consideration only in the event that we should hold against appellant under Assignments 2, 3 and 8.

It is unnecessary to use any time or space in discussing the question whether or not plaintiff was guilty of negligence in jaywalking across Livingston Avenue. Her counsel admits that she was guilty of negligence as a matter of law, and the pertinent sections of the city ordinance and also sections of the Ohio Code, when applied to the factual situation very clearly and positively disclose plaintiff's negligence as a matter of law.

The question remaining is whether or not her negligence was a contributing proximate cause of the accident. Counsel for plaintiff argue that the case of **Smith v Zone Cabs, 135 Oh St, 415,** is determinative of this question in the instant case. Under the state of the record in the present case we have no difficulty with **Zone Cabs, supra.** In this case the Supreme Court stated that regardless of the negligence on the part of the injured person, there still remains the question as to whether or not such contributory negligence was the proximate cause, and this is a jury question unless the state of the record is such that reasonable minds may not differ on the conclusions to be drawn from the evidence. It is our view that by no process of reasoning can it be said that plaintiff's admitted negligence was not a proximate cause of the accident and her resultant injuries. If she had not attempted to jaywalk she would not have been hit by defendant's car. When she stepped down onto the street from the curb at the end of the walk near the center of her premises, she acted unlawfully, and this unlawful conduct continued right up to the time that she was hit. In addition to this negligence arising from her unlawful conduct, she was grossly negligent in not looking after she entered the street for approaching vehicular traffic. When she reached the center of the street had she looked to the east she would have seen the approaching car and by stopping would have avoided the collision. In fact, she was guilty of two different forms of negligence; first, in unlawfully jaywalking across the street; and, second, in not looking for traffic but blindly proceeding in front of a car which was in such close proximity that it could not avoid hitting her. There may be cases where defendant's negligence is of such a character as to dominate the question of proximate cause, but

this certainly was not the situation in the instant case. There is a very serious question as to whether or not the evidence establishes any negligence on the part of the defendant. In this view the only question which warranted the Court in submitting defendant's negligence to the jury was the allegation in the pleading and the evidence relative to a dirty windshield which obstructed the view from the inside of the car. Viewing this case as we do, the judgment of the trial court must be reversed and set aside.

Coming now to enter the judgment which the trial court should have entered, we decree judgment for defendant. Plaintiff's petition will be dismissed and costs adjudged against her.

Entry may be drawn accordingly.

HORNBECK, J., concurs.
GEIGER, J., dissents.

GEIGER, J., dissenting:

I find that I must dissent from the majority opinion. It is true that the plaintiff crossed Livingston Avenue at a point where she desired to board a street car to take her to her destination. In crossing at the point between the two intersecting streets she violated a statute, but I am of the opinion that her negligence in this respect was not the proximate cause of her injury. She had reached a point upon the street where any act that might otherwise have contributed to her own injury had been completed, and a point on the street from which her further passage to the curbstone was not negligence. The accident occurred solely by the act of the defendant in the method in which he drove his car and the condition of his windshield and also his failure to discover the plaintiff at a point where he could have easily avoided striking her, if his lights were operating as he claimed. The testimony of the young man who first went to her aid clearly establishes that the injury was due solely to the negligence of the defendant in driving his car, and that the negligence of the plaintiff in crossing the street at the point where she sought to board a street car was not the proximate cause of the injury.

I am of the opinion that the facts in this case clearly bring it within the principles of **Smith v Zone Cabs, 135 Oh St 415,** and **Trentman v Cox, 118 Oh St 247.**

These two cases clearly point out the distinction between "negligence per se" and "proximate cause", and both cases

266

make it clear that under the circumstances surrounding the present case the question should be submitted for the determination of the jury. Certainly reasonable minds might differ as to the cause of this accident and to whose negligence it should be attributed. If reasonable minds would differ the case becomes one for the jury and as a reviewing court we should not set aside a verdict otherwise free from prejudicial error.

The majority has pointed out a number of matters asserted to be prejudicial error. I do not agree with the majority on these assignments of errors and even though they be correct they would only result in requiring a new trial, and the majority, I believe, is incorrect in decreeing judgment for the defendant.

### APPLICATION FOR REHEARING

No. 3664. Decided December 11, 1943.

Arnold, Wright, Purpus & Harlor, Columbus, for plaintiff-appellee.

Phil S. Bradford, Columbus, and Clifford L. Rose, Columbus, for defendant-appellant.

BY THE COURT:

The above-entitled cause is now being considered on plaintiff-appellee's application for rehearing. Our attention is called to a misstatement of fact in our original opinion, wherein we inadvertently stated that the plaintiff, Mrs. Glasco, when she was crossing Livingston Avenue, looked for traffic when she stepped from the curb to the street, and did not look again before she was struck by defendant's auto. The record very clearly discloses that Mrs. Glasco testified that she looked a second time when she reached the street car tracks and at that time saw a car to the east in the intersection, but did not know that it was turning to the west. She did not look again and says that she did not know of the approach or presence of the car until it hit her. We regret our error in the statement of facts and take full responsibility for such. We are at a loss to know how this happened, but nevertheless it did. We now reconsider the case in the light of the restatement of the factual situation. Of course we have to remove from our original opinion the observation that Mrs. Glasco was guilty of a second negligence in failing to look at the center of the street when she was jaywalking across Liv-

ingston Avenue. This does not change the ultimate conclusion, for the reason that her negligence was admitted, the only question remaining as to whether or not such negligence was a contributing proximate cause of the accident and the resultant injuries. Under the facts in the instant case where negligence of plaintiff is admitted as it must be, we fail to understand how any doubt can exist as to such negligence being a contributing proximate cause of the accident. If she had not negligently stepped in front of the car she would not have been struck. There is no evidence that defendant was operating his car at an unlawful speed. In fact, the only eyewitness to the scene, and the witness called by the plaintiff, testified that the defendant was driving slowly. This is corroborated by the physical fact that the defendant stopped his car almost instantly, although the street was covered with snow, and therefore more or less slippery. Plaintiff says that the evidence supports their claim that defendant was not driving with due regard for others on the highway, and had he been so operating he would have seen plaintiff and avoided striking her. Even if this theory be accepted, there is still present in the case the question as to why plaintiff did not see defendant's approaching car. The lights were burning, and it was much easier for her to see the approaching car than it would be for the occupant of the car to see the plaintiff jaywalking across the street where she had no right to be.

The instant case is readily distinguished from the case of **Smith v Zone Cab Co., 135 Oh St 415.** In the cited case a legal principle was announced which was not at all new, although many lawyers seem to think so. In every negligence action, whether original or contributory, the question of proximate cause must be considered and determined. The mere proof of negligence does not in itself present conclusive evidence of proximate cause. This is a jury question, unless the facts are of such a character that reasonable minds may not differ. The only thing new or startling about the **Zone Cab case, supra,** was the **application** of the above well recognized principle of law. By a divided court it was held under the facts of that case that it was a jury question as to whether or not the plaintiff's negligence was a contributing proximate cause of the accident. Many lawyers, as well as courts, still find it difficult to have a spontaneous reaction as to the correctness of this conclusion. Whatever our individual opinions may be, we will follow it under identical facts, but will not extend it beyond the factual conditions there presented. The instant case

does present a very substantial difference. In the **Zone Cab Company case, supra,** the evidence was that the defendant was traveling at 45 miles an hour. The plaintiff jaywalker saw the approaching vehicle, but thought she could cross ahead of it before it arrived. The ordinance of the city gave to autobiles the right of way between intersections, but provided that they should operate with ordinary care in order to avoid injuring any one. The speed at which the cab was being operated presented an added element not present in the instant case. It is true that in the instant case the plaintiff says she looked, but she did not look efficiently. She did not make any effort to ascertain whether or not defendant was turning west on the street that she was crossing. There was not present as in the **Zone Cab Company case,** the exercise of a judgment that she had time to cross ahead of the oncoming car. In the **Zone Cab case,** the plaintiff did exercise a judgment, but by reason of the Cab Company operating at an unlawful rate plaintiff was not able to complete her crossing of the street.

Counsel for plaintiff-appellee further urge that our determination of the instant case is in direct conflict with the majority opinion in the case of **Seward v Schmidt, 38 Abs 186.** The **Schmidt case** was a Clark County case and was decided by our Court. It was the holding of the majority, dissented to by one member, that under the facts in that case the question of proximate cause was for the determination of the jury. The Clark County case is readily distinguishable from the instant case in that there was evidence that at the time of the accident the defendant had driven his car across the center line and onto the wrong side of the street where plaintiff's decedent was struck and injured. We do not have such a situation in the instant case. The majority also was of opinion that there was a factual question if plaintiff's decedent was jaywalking when struck.

There is some reference to the fact that defendant was not driving his car in the broken path, but was closer to the north curb. We know of no law that states that a driver must follow any particular path. He is permitted to drive on his own side of the road, and in the bounds of the improved portions.

Considering the instant case under all its facts we still adhere to our former view that plaintiff's negligence contributed proximately to her accident and, therefore, final judgment must be entered against her.

Complaint is also made that we incorrectly held that the Court should not have charged on the question of assured clear

distance ahead. Counsel seems to think that we have not been consistent in our holdings in previous cases. Reference is made to two cases decided by us as follows: **Proctor v White, 22 Abs 115,** and Titus v Stouffer, 4 N. E. (2d), 178. A careful reading of these cases will very clearly demonstrate to counsel that there is no inconsistency, but merely that different rules are determined under different factual situations. Counsel in their original brief very clearly and fully analyze the varying factual situation which might alter the rule.

We adhere to our original judgment.

BARNES, P. J., and HORNBECK, J., concur.
GEIGER, J., dissents.