**GRIFFITH**, Plaintiff-Appellee, v. **RUTLEDGE**, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2339.   Decided January 7, 1956.

Jacobson, Durst, Pollak & Jacobson, Dayton, By Wm. T. Pollak, o: Counsel, for plaintiff-appellee.

Altick & McDaniel, Dayton, By Hugh H. Altick, of Counsel, foɪ defendant-appellant.

(COLLIER, J, of the Fourth District, sitting by designation in thᵬ Second District.)

**OPINION**

By COLLIER, J.

This action arises out of a collision between two automobiles operated by the parties, wherein plaintiff-appellee, William Roger Griffith, is seeking to recover damages for personal injuries. The case was submitted to a jury upon the issues presented by the amended petition and answer thereto. A special verdict on all the issues was requested and returned. The jury rejected the forms of verdict submitted by the court and prepared and returned their own form of verdict. Both parties moved for judgment on the special verdict, which were both overruled and the trial court ordered a new trial sua sponte. In order to avoid confusion, the parties will be referred to herein as they appeared in the Common Pleas Court, as the plaintiff and defendant.

It is alleged in the amended petition that the plaintiff was driving a 1939 Chevrolet sedan eastwardly on Airway Road, on the south half of said road, at twenty miles per hour, when the Chevrolet was struck by a 1953 Oldsmobile sedan driven westerly on said road by the defendant, resulting in certain injuries and damages to the plaintiff.

The plaintiff charges the defendant with the following specifications of negligence: 1) Defendant was driving said Oldsmobile just prior to and at the time of the collision at a speed of 75 miles per hour; 2) Defendant was driving said Oldsmobile without having same under any control at the time of and just prior to the collision in that said Oldsmobile was not in the westbound lane of traffic; 3) Defendant drove said Oldsmobile just prior to and at the time of the collision partially upon the south one-half of Airway Road, and across the center line of Airway Road in the lane for eastbound traffic occupied by plaintiff.

The special verdict returned by the jury, omitting the caption and formal parts, is as follows:

"On the morning of August 24th, 1953, at about 1:15 A. M. Mr. Clarence Rutledge, accompanied by Miss Zelma Shropshire, a passenger, was driving a 1953 Oldsmobile toward Dayton, Ohio on Airway Road in the vicinity of the B & O Railroad tracks. The speed of this car being driven by Mr. Clarence Rutledge after crossing the B & O tracks, and at the time of impact, was determined to be 70 miles per hour. At approximately the same time on the morning of August 24, 1953, Mr. William Roger Griffith, driving a 1939 Chevrolet, entered this same highway from the North side, driving across the highway in a Southeasterly direction from the vicinity of the Bonnie Lee Tavern. That Mr. Griffith drove into the path of the Oldsmobile, resulting in a collision of the two vehicles. That the point of impact was placed as North of the center line of the highway known as Airway Road and in the passing lane for traffic traveling toward the West. That all participants did receive injuries as set forth in the amended petition.

"William Roger Griffith was injured as a result of said collision as described in his amended petition and as a result of said injuries has

suffered a loss of wages and hospital and medical expenses. If the Court decides that judgment should be entered on this Special Verdict in favor of William Roger Griffith, we assess his damages at $59,845.20."

Both parties claim the court erred in overruling their motion for judgment in their favor on the special verdict of the jury. In other words, both parties claim they are entitled, as a matter of law, to final judgment on the special verdict. The defendant's first contention is that the special verdict shows that the plaintiff has failed to prove the negligence of the defendant which he charged in the amended petition and, secondly, that the special verdict shows conclusively that plaintiff was negligent in a manner directly and proximately causing his own injuries.

It will be observed that plaintiff in his amended petition sets forth three grounds of negligence against the defendant, viz.: 1) Excessive speed; 2) That defendant did not have his automobile under control; 3) That defendant drove his automobile across the center line of Airway Road, in the lane for eastbound traffic occupied by the plaintiff.

An examination of the special verdict shows the jury found that the defendant was driving his Oldsmobile at the rate of 70 miles per hour at the time of the collision; that the special verdict is silent on the second ground of negligence which charges the defendant with failure to have his automobile under control. On the third specification of negligence the jury finds that the point of impact was north of the center line of the highway and in the passing lane of traffic traveling toward the west and the collision did not occur south of the center line as alleged by plaintiff. Briefly stated, the verdict establishes the rate of speed of defendant's automobile only 5 miles per hour less than alleged by the plaintiff; there is no finding of fact as to whether the defendant failed to have his automobile under control; the finding of the jury as to the third specification of negligence, that the defendant drove his Oldsmobile across the center line onto the wrong side of the highway, is adverse to the plaintiff. So that we have only one specification of negligence shown by the verdict upon which a judgment for the plaintiff may be predicated and that is that the defendant was driving his Oldsmobile at an excessive rate of speed at the time of the collision. As to the other two charges there is a complete failure of proof.

The defendant contends that the mere finding of the jury that the defendant was driving his automobile at the rate of 70 miles per hour when the collision occurred is not sufficient to show that he was driving at an unreasonable or improper rate of speed; that in order to establish this specification of negligence it is necessary that the verdict show conditions as to the surface of the highway, traffic and such other conditions at the time and place as may have existed to make such rate of speed unreasonable or improper. It is conceded that the maximum lawful rate of speed on the highway where the collision occurred is 50 miles per hour and the plaintiff claims that a showing of any rate of speed greater than the maximum lawful rate is sufficient to establish a prima facie case of negligence.

The plaintiff's claim in this respect is supported by a recent decision

of the Supreme Court of Ohio in the case of **Cleveland v. Keah, 157 Oh St 321,** 105 N. E. (2d) 402, wherein it is held:

"Where a municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable."

The second paragraph of the syllabus of this case defines a prima facie case as follows:

"A prima facie case is one in which the evidence is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily to be accepted by the trier of the facts."

On this authority, in the absence of any finding of facts in the special verdict showing conditions sufficient to overcome the rebuttable presumption created by the evidence showing a rate of speed of 70 miles per hour, the plaintiff has established a prima facie case of negligence under the allegation of excessive speed. It is not essential that the plaintiff prove all the allegations of his amended petition, if enough is proved to constitute a cause of action. Sufficient proof of only one of the specific acts or omissions of negligence alleged in the amended petition entitles the plaintiff to recover.

Having determined the defendant was negligent in one particular charged, we next consider defendant's contention that the special verdict clearly shows contributory negligence by the plaintiff. The defendant bases his argument in this respect upon the following statement in the special verdict:

"At approximately the same time on the morning of August 24, 1953, Mr. William Roger Griffith, driving a 1939 Chevrolet, entered this same highway from the north side, driving across the highway in a southeasterly direction from the vicinity of the Bonnie Lee Tavern. That Mr. Griffith drove into the path of the Oldsmobile, resulting in a collision of the two vehicles."

If the jury meant to say that plaintiff drove into the path of defendant's automobile, **thereby** causing the collision, there could be no question but that the plaintiff was guilty of negligence, directly and proximately contributing to his own injuries, which would prevent a recovery by the plaintiff. On the other hand, if we read this statement in context, as we are required to do, and thus determine the meaning from a consideration of the entire verdict, it is just as reasonable and logical to conclude that the statement is merely the recital of an event in a chain of events which led to the point of impact of the two automobiles. This is the conclusion reached by the trial court, and we are inclined also to take that view. At any rate, reasonable minds may easily reach different conclusions in construing this special verdict as to just what it the jury intended by this statement.

It is said of special verdicts, in **39 O. Jur., page 1145**:

"Such verdicts cannot be aided by intendment or by extrinsic facts. The finding must be so clear, consistent and complete that the proper judgment can be rendered as a legal conclusion from the pleading and findings of fact constituting the special verdict, without looking beyond such findings of fact to any evidence disclosed by the record."

Since the special verdict in the instant case is so uncertain and ambiguous on the issue of contributory negligence, in our opinion, the trial court was justified in overruling both motions for judgment on the special verdict and ordering a new trial, sua sponte, under §2323.17 **R. C.**, which provides:

"Where a verdict is so indefinite, uncertain, or defective that a judgment cannot be rendered thereon, the court shall order a new trial."

Finding no error prejudicial to either party, the judgment of the Common Pleas Court is affirmed.

Judgment accordingly.

### CONCURRING OPINION
By MILLER, Presiding Judge:

I concur in the judgment for the reason that the verdict does not contain sufficient ultimate facts to enable the Court to draw any conclusions of law. A special verdict must contain the ultimate facts and be "so clear, consistent and complete that the proper judgment can be rendered from the pleadings and the facts found without reference to the evidence disclosed by the record." **Dowd-Feder Co. v. Schreyer, 124 Oh St 504.** The finding that the defendant was driving his car at a speed of 70 miles per hour constitutes only prima facie evidence of an unlawful rate of speed. The jury should have found the ultimate fact of whether or not he was driving in violation of §4511.21 **R. C.** and if so, whether such a violation was a proximate cause of the plaintiff's injuries.

### DISSENTING OPINION
By HORNBECK, J.:

If the trial court had discretion as to the granting of a new trial, would agree that the order appealed from should be supported. But the principles controlling are too well-defined to justify a new trial upon the special verdict.

The finding in the special verdict:

"The speed of this car being driven by Mr. Clarence Rutledge after crossing the B. & O. tracks, and at the time of impact, was determined to be 70 miles per hour."

was not sufficient basis for a judgment for the plaintiff. It is true that the finding made a prima facie case of an unlawful rate of speed under §4511.21 **R. C.** But, the issue was as to the violation of the statute. The prima facie case was insufficient to compel that conclusion, and that the defendant was negligent and that his negligence proximately caused injuries to the plaintiff. The special verdict must incorporate all findings of fact essential to the judgment—the pronouncement of the law required by the facts.

The offense defined in §4511.21 **R. C.** is the driving of an automobile upon a public highway at a rate of speed greater or less than is reasonable and proper. Certain speeds are designated as prima facie lawful, and any excess above these speed limitations is prima facie unlawful, but whether the act of driving the automobile at such speed as is faster than is reasonable and proper must be considered with "due regard to the traffic, surface, and width of the street or highway and any other condition." Speed alone does not constitute a violation of the statute.

"The test prescribed by §12603 **GC,** to determine the lawfulness or unlawfulness of speed of motor vehicles upon the public highway is whether such speed is greater or less than is reasonable or proper under existing conditions." **Swoboda v. Brown, 129 Oh St 512, 5th syllabus.**

To like effect, **Cleveland v. Keah, 157 Oh St 331.**

The special verdict to support the legal conclusion that the speed statute was violated should have found, in addition to the speed, applicable condition or conditions set out in the statute and that the speed so determined was faster than was reasonable and proper, which conduct caused the collision. All of these elements of the speed statute are facts to be determined as a prerequisite to the pronouncement of a judgment for the plaintiff.

The instances where proximate cause may be found as a matter of law certainly are few since the pronouncement of **Glasco v. Mendelman, 143 Oh St 649.** For a full statement of the facts in this case, some of which are not found in Supreme Court opinion, see **41 Abs 257.** A helpful annotation on proximate cause is found in 24 L. R. A. (N. S.) page 28, et seq.

As the negligence of the defendant was not established by the special verdict, no attention need be given to the claim that it required the conclusion that plaintiff was contributorily negligent.

Certain of the decisive issues of fact in this case were not determined by the special verdict; they were essential to plaintiff's recovery and must be regarded as not proven. **Noseda v. Delmul, 123 Oh St 648.**

Judgment should have been entered for the defendant.