## PROCTOR v WHITE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1377. Decided June 6, 1936

▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆

116

Daniel Dwyer, Dayton, for plaintiff in error.

Pickrel, Schaeffer, Harshman & Young, Dayton, for defendant in error.

## OPINION

By HORNBECK, J.

The parties sustained the same relation in the trial court as here. Plaintiff's action was for damages for personal injuries claimed to have been proximately caused by the negligence of the defendant in driving his automobile.

Plaintiff averred in her petition certain facts which the evidence developed and are not denied, namely, that on the evening of December 5, 1930, between 6 and 7 o'clock she was moving northwardly on the east side of Main Street in the City of Miamisburg, which street is also the Dixie Highway; that she had reached a place well toward the outskirts of the city; that at this point the car tracks of the I. C. & E. Traction Company parallel the highway to the east thereof. Thus, as the plaintiff moved north on the easterly side of the highway, the thoroughfare was to her left and the car tracks to her right. As she was walking along the highway an automobile driven by the defendant, White, approached her, moving from the south. Preceding the defendant was a freight truck. The night was cold, rainy and some snow was falling. The plaintiff was carrying an umbrella and was dressed in dark clothes. She avers that as she moved along the highway she from time to time looked to the south to observe if any automobiles or other vehicles were approaching or overtaking her; that she saw the automobile of defendant when it had come into close proximity to her and that she immediately stepped over to the extreme right or eastwardly edge of the pavement, placing her right foot in the gravel upon the edge, leaving her left foot on the brick pavement; that she then waited for the car to pass but that it continued in its line of movement; that the driver thereof made no effort to avoid striking her and she was struck and knocked down by the automobile.

The specifications of negligence against the defendant were five, namely: failure to keep a proper lookout for pedestrians; to stop his car in time to avoid striking the plaintiff; failure to operate his car so as to permit the plaintiff and pedestrians to walk on the edge of the pavement; failure to turn his car and avoid striking the plaintiff; failure to observe the plaintiff on the edge of the pavement in time to avoid striking her.

Plaintiff averred that as a result of being struck by defendant's automobile she sustained severe bruises on the entire left side of her body; that her left limb, hip, side and shoulder were bruised and became black and blue; that her neck was badly wrenched and twisted; that she suffered a severe disturbance of the nerve centers, and that as a result of the trauma she suffered a nervous relapse and that the nerve cells of her shoulder and neck were inflamed, causing severe pain throughout her shoulder and neck and back.

Defendant answered, denying any negligence on his part in the operation of his automobile, averring that the plaintiff suddenly and without any signal or other notice to defendant stepped from the unpaved side of the road from defendant's right onto the paved portion of the highway, directly in front of and in the path of defendant's said automobile; that defendant immediately swerved to the left without striking plaintiff, but that plaintiff slipped or stumbled and fell; further avers that

any injuries which plaintiff may have sustained as a result of her fall to the pavement were due solely and proximately to her own negligence.

Upon the issues thus drawn the cause was submitted to a jury, which returned a verdict for the defendant. Motion for new trial was filed and overruled and judgment entered on the verdict and error is prosecuted from the judgment.

There were two witnesses to the occurrences immediately incident to the accident out of which the action grew, the plaintiff and the defendant. The plaintiff's testimony supported definitely and specifically the allegations of her petition touching the negligence of the defendant. The defendant's testimony supported specifically his answer, to the effect that the plaintiff suddenly and without any warning stepped from the unpaved portion of the road to the east thereof over onto the paved portion thereof and was about 2½ feet over onto this part of the road when he first saw her.

Defendant testifies that as he drove through Miamisburg he came up behind a large freight truck which was moving in the same direction as he; that he followed it at a distance of 35 or 40 feet; that he was moving about 25 miles per hour, had his lights tilted, which acted as dimmers, carried double windshield wipers, which were working.

The defendant insists that inasmuch as there was a general verdict the verdict may have been predicated upon the conclusion of the jury that the plaintiff was not struck by the defendant automobile; that she suffered no injuries; that the defendant was not negligent or if negligent that the plaintiff was chargeable with contributory negligence. We grant that the verdict may be supported on the third and fourth propositions, but not on the first or second. There is, however, one conflict in the facts, which the jury had a right to resolve against the plaintiff and in favor of the defendant, namely, the claim of the defendant that the plaintiff suddenly and without any warning stepped onto the highway and at a time when he did not, in the exercise of ordinary care, have opportunity or sufficient time to have stopped his car or to have diverted its course so as to avoid striking her.

If the jury believed the defendant's testimony, and it had a right so to do, it could have concluded that the defendant was confronted with an emergency which was produced not by any negligence on his part.

The "assured clear distance ahead" statute, §12603 GC has application to anything in the line of vision of the motorist in the assured clear distance ahead which is static or present long enough for him to observe it and bring his car to a stop, but can have no application to a movement by a person into the line of vision of a motorist so suddenly that exercising ordinary care he has neither the space nor opportunity to stop his car.

The defendant had an assured clear distance ahead of from 35 to 40 feet and until he observed the plaintiff had no reason to expect that anything would come within his line of movement at a distance of but 6 or 8 feet away from him.

The jury could very well have adopted the theory of the plaintiff and found that the plaintiff had been moving along the easterly side of Route 25 at a place thereon where she should have been seen by the defendant, and that her position on the highway was that to which she testified and that the defendant was negligent in several particulars in failing to avoid striking her. This theory the jury did not choose to adopt and must have given more credence to the explanation of the accident as stated by the defendant. The verdict, then, is a typical illustration of one with which neither the trial court nor this court can properly interfere.

The claim of counsel for the plaintiff that defendant was not entitled to the benefit of the rule of an emergency if the emergency was created by his own negligence is sound. Upon the facts of the case as contended for by the defendant and supported by his evidence, the emergency was not created by his negligence, so that the trial court very properly gave special charge No. 2 before argument, at the request of the defendant.

It is urged that the plaintiff was prejudiced by that part of the general charge of the court wherein it was said:

"He (the driver) must have it (the automobile) at such speed as will enable him to bring it to a stop within that distance reasonably apparent or reasonably probable to be clear from interruption of his use. He is not required to anticipate illegal entrance or sudden entrance on to his highway, if such entrance would not be expected by an ordinary man. He is required to anticipate, in his enjoyment of the highway in a lawful manner, that others would have the legal right to enjoy or use it, in a lawful manner with him."

118

The objection is directed to the use of the expression "illegal entrance onto the highway." The choice of the word "illegal" is not apt, but we are satisfied that in view of its use in conjunction with "sudden entrance," which follows it and the general charge in its entirety, together with the ruling of the court and the giving of. plaintiff's special charge touching the right of the plaintiff to walk on the improved portion of the highway if there was no pavement along side of it, precludes any probability of prejudice resulting to the plaintiff.

We find no error in the record which resulted in denial of a fair and considerate trial to the plaintiff. The judgment will be affirmed.

BARNES, PJ, and BODEY, J, concur.