**MANCHESTER, Plaintiff-Appellee v. STARR TRANSFER COMPANY, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3485.   Decided   November 19, 1942.

Alex S. Dombey, Columbus, for plaintiff-appellee.

B. B. Bridge, Columbus, and Paul R. Gingher, Columbus, for defendant-appellant.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court in the sum of $8000.00 in favor of the plaintiff and against the defendant for damages for personal injuries suffered by plaintiff in an automobile collision between a Buick automobile, in which plaintiff was riding, and a tractor-trailer, owned by the defendant and driven by its agent.

The collision out of which the action arose occurred on December 31, 1940, about 9:30 or 10:00 o'clock in the morning, some two miles east of Columbus on United State Route 40. The plaintiff, a resident of New York, was traveling from New York, his home, to California, where he had been working. East of Zanesville he picked up a hitchhiker named Rice, a student at State University, who after a time was permitted to drive plaintiff's car and was driving it at the time of the collision.

It was the claim of the plaintiff that as he approached a wayside filing station and restaurant about two miles east of Columbus, and when he was moving approximately 45 to 50 miles per hour, the tractor trailer of the defendant moved out from the parkway of the filling station to the north of U. S. Route 40 and up to the north curb. Route 40 is 50 feet wide of which 40 feet is of the improved portion. After stopping, the tractor moved forward in a southeasterly direction onto the north half of the westbound traffic lane, stopped momentarily and again resumed its movement into said traffic lane; that plaintiff's driver, on first observing the truck, sounded his horn when a distance of about 400 feet, at which time he was driving on the north half of the westbound lane. As the truck moved into the highway plaintiff's driver, believing that he had the space and time to pass to the left of the truck, purposed to do so, but discovered three automobiles moving toward him in the east lane of the highway. Plaintiff's driver then changed his course, attempted to avoid the collision by moving between the truck trailer and the parking space to the north of the highway, put his brakes on intermittently, but collided with the truck.

The answer of the defendant was that the tractor trailer was parked on the driveway north of the road; that a truck was parked to the east which interfered with the vision of defendant's driver in that direction; that defendant's driver moved his outfit out to the north curb and at the time of the collision "was in a standing position in the driveway that leads from the gasoline station referred to in the petition; that said tractor and trailer was headed in a generally southerly direction with the front end approximately at the north edge of said route 40".

The testimony of defendant's driver varied from the answer in that he admitted that at the time of the collision his outfit was

out into the first lane preparatory to moving east and up into about eight feet of the line dividing the north part, and about two feet north of line that divides the north half of the highway; that he sat in his truck, which was stationary, and watched plaintiff's driver run into him. The defendant also offered testimony to the effect that there were no cars coming from the west which interfered with plaintiff's driver moving around the truck on his left, even though he was required to move into the eastbound lane to do so.

The negligence charged against the defendant was in driving the tractor and trailer onto the main highway without first ascertaining that it could be done in safety; in attempting to join the flow of traffic on the highway without yielding the right of way; in driving over and upon defendant's left or north half of the highway proceeding in an easterly direction; in obstructing the entire north half of the highway when defendant knew or should have known that the eastbound traffic would not permit the passage of the westbound traffic around the front of the defendant's truck, particularly the motor vehicle in which the plaintiff was a passenger; in failing to see the automobile in which the plaintiff was riding before entering upon and obstructing the highway.

The assignments of error are that the verdict of the jury is against the weight of the evidence; that the court should have directed a verdict in favor of the defendant; and error in the court's charge.

Without discussing the evidence at length or in detail we find the first two assignments of error not well made. In the brief statement of the issues and the testimony heretofore outlined, it is obvious that several issues of fact arose upon which the jury had the right to pass and to make determination.

As a matter of fact,. it is seldom that we see a record which presents so much conflict among so many witnesses upon so many facts which have relation directly or indirectly to the questions which the jury was required to answer to reach its verdict. There was difference of testimony, particularly among the witnesses for the defendant, upon many of the physical facts.

To be specific, there was conflict as to the speed and course of plaintiff's automobile from a distance of some 400 feet from the collision up to and including the impact of the vehicles; whether or not plaintiff's driver was confronted with an emergency and, if so, acted with due care. The court's charge on this subject was clear and correct; whether or not the view to the east of the driver of defendant's tractor trailer was obstructed as he came out upon the highway; the position of the tractor in the highway prior to and particularly at the time of the collision; whether or not it was standing or moving at the time of the collision; whether or not

there were automobiles approaching from the east at about the time of the collision which interfered with the plaintiff's driver moving around the tractor trailer on its left and over and upon the south half of the highway.

There is support in the record for the general verdict of the jury and we have no hesitancy in holding that plaintiff's driver was not contributorily negligent as a matter of law and that the verdict, in the most favorable light of the evidence in behalf of the plaintiff is abundantly supported by the proof.

Appellant claims that the general charge was incorrect and prejudicial to the defendant in that it did not clearly define the issues and respective claims of the parties. Supporting the proposition that in a charge a trial judge is required to state the law in its application to the issues in the concrete and not in the abstract, are cited **Parmlee v. Adolph, 28 Oh. St., 10,** and **Souder v. Hassenfeldt, Admx., 48 Oh. Ap., 377.** It is asserted the theory of the plaintiff was that at the time of the collision the tractor trailer was moving; the claim of the defendant that it was stationary and that the trial judge in several places in the charge referred to the vehicles involved in the collision as converging vehicles. It is pointed out that the word "converge" implies that both vehicles were moving. This is true. The language objected to in all instances was employed as a part of and supplementary to the instructions relating to §§6310-28 and 6310-29 GC. It is interesting to note that both of these sections are directed to moving vehicles and their respective rights in the highway.

**6310-28 GC.** "Right of way means the right of a vehicle **to proceed uninterruptedly** in a lawful manner in the **direction in which it is moving** in preference to another vehicle **approaching** from a different direction into its path."

**6310-29 GC.** "A vehicle **joining the flow of traffic** on a road or highway **from a standing position,** an alley, a building or a private property shall yield the right of way to all other vehicles." (Emphasis ours.)

The trial judge used appropriate and exact terms in those parts of the charge to which objection is directed. It is probable although not necessary to hold. that both of the right of way statutes under consideration were designed to meet situations wherein the vehicles to which they referred were in movement.

The trial judge later in the charge definitely stated the defendant's claim that "the tractor trailer had been moved out into the north side of Main Street in such fashion that the driver of the plaintiff's car had both the space and the opportunity to stop his car or avoid it by the exercise of ordinary care" and in giving application to the law,

there announced, he included the claim of the defendant that its outfit was static on the highway. But, if experienced counsel for the defendant felt that their claim as to the standing position of the tractor had not been properly covered in the charge it was their obligation to direct the court's attention to the omission. If there was any error. in the instructions it was not of commission.

It is further claimed that the court erred in its charge as to the application of §12603 GC to the facts in the instant case. The part of the charge to which especial complaint is directed is as follows:

"As I have said the statute applies or does not apply depending upon the facts. If you find that the car of the defendant had moved out onto Main Street and was, either static or in such position that the driver of the plaintiff's car had opportunity to observe it, with such distance and with such space intervening between the two cars that the driver of the plaintiff's car had the space and the opportunity in the exercise of ordinary care to stop the plaintiff's car, then it was his duty so to do."

The court had theretofore given considerable and proper explanation of the section and later charged the converse of the proposition which we have quoted.

It is asserted that the charge is in conflict with the principles laid down in **Smiley v. Spring Bed Co., 138 Oh. St., 81.** The second proposition of the syllabus in the cited case, in which all members of the court but one concurred in the abstract, is,

"To comply with the assured-clear-distance-ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith."

Although the latter day construction of §12603 GC is so strict and unbending as to render this particular section of the Code sacrosanct, unaffected by the principle of pari materia, it is at least conceded that some "situations may arise and collisions occur under circumstances which provide legal excuse to the person charged with the violation of the statute." **Smiley v. Spring Bed Co., page 87.** Judge Hart, who wrote the opinion in Smiley v. Spring Bed Co., cites **Matz v. Curtis Cartage Co., 132 Oh. St., 271,** as authority for one exception to the application of the statute as follows:

"Where there was the entrance of a person or vehicle into the line of travel of a motorist, cutting down his previous assured clear distance ahead, so that he had neither the space nor opportunity to stop his car before colliding with such person or vehicle."

In the case of **Proctor v. White**, 22 Abs 115, decided prior to Matz v. Curtis Cartage Co., this court stated the exception in the first syllabus as follows:

"The 'assured clear distance ahead' statute, §12603 GC, applies to anything in the line of vision to the motorist in the assured clear distance ahead which is static or present long enough for him to observe it and stop his car, but has no application to a movement by a person into the line of vision of a motorist so suddenly that in the exercise of ordinary care he has neither the space nor opportunity to stop his car."

We are, therefore, committed to the identical language employed by the trial judge in this case unless it has been modified by Smiley v. Spring Bed Co., supra. We do not so read or interpret the pronouncement of the Supreme Court.

Counsel presented the respective claims of the parties fully and ably. The case, like so many automobile collisions, though simple in its facts produced difficult legal questions in view of the traffic statutes involved and their relationship to each other. The general charge was exceptionally clear in defining the principles of law involved, and complete in that it treats of all the issues raised by the pleadings or by the evidence and there were issues brought into the case by the evidence which were not joined by the pleadings. We find no prejudicial error in any of the particulars assigned. The judgment will, therefore, be affirmed and cause remanded.

GEIGER, P. J., and BARNES, J., concur.