TAMPLIN, Admx., Plaintiff-Appellant and Appellee v PENNSYL-
VANIA RD. CO., et, Defendants-Appellants and LEEN, Jr., Admr.,
Defendant-Appellee.

Ohio Appeals, Second District, Preble County.

No. ____. Decided December 7, 1942.

DeCamp, Sutphin & Brumleve, Cincinnati, and Thurston F.
Bittle, Eaton, for plaintiff-appellant and appellee.

Baird Broomhall, Troy, Matthews, Matthews & Altick, Dayton,
and Dye & Ernst, Eaton, for the Pennsylvania R. R. Co. and The
Pittsburgh, Cincinnati, Chicago & St. Louis R. R. Co., defendants-
appellants.

Landis, Ferguson, Biesser & Greer, Dayton, for Maurice J. Leen,
Jr., Admr., etc.

# 612

## OPINION

By HORNBECK, J.

The action below was instituted by plaintiff in behalf of her decedent, Henry D. Tamplin, for damages for his wrongful death, which it was claimed was caused by the combined negligence of the defendant railroad companies and the decedent of the defendant administrator. The cause was tried to a jury which returned a verdict in the sum of $10,000.00 in favor of the plaintiff against the defendant railroad companies and in favor of the defendant administrator. The defendant railroad companies moved to set aside the verdict for a judgment notwithstanding the verdict and for a new trial. The plaintiff moved for a judgment notwithstanding the verdict against the defendant administrator and for a new trial. The trial judge overruled all of these motions and entered judgment on the verdict for the plaintiff against the defendant railroad companies and in favor of the defendant administrator for his costs. The defendant railroad companies appealed from the judgments against them and the plaintiff appeals from the judgment of the defendant administrator.

Plaintiff's decedent was a watchman employed by defendant railroad companies and stationed at the Main Street crossing of the Pennsylvania Railroad Company in Eaton, Ohio. In the early morning of November 5, 1940, an unscheduled engine came up to and moved across the Main Street crossing and at the same time an automobile driven by Raymond R. Lease, who was accompanied by Walter R. Mink, was approaching said crossing from the east and collided with the oncoming engine. It was claimed that plaintiff's decedent was struck by the automobile and by the locomotive resulting in his death. Plaintiff's petition set out six specifications of negligence against the decedent of the defendant administrator and four specifications of negligence against the defendant railroad companies. The trial judge submitted an interrogatory to the jury to effect that if it rendered a general verdict of negligence against the defendant railroad companies it should state in what particular or particulars said companies or either of them were guilty of negligence, which interrogatory the jury answered: "We believe the evidence which we heard proved negligence on the part of railroad with reference to too much speed; also failure proper warning to approaching traffic. Due to a train that was not scheduled we believe the watchman was not aware of the approach of this train in sufficient time to properly perform his duty."

The respective appeals have been argued pro and con ably and at great length in nine separate, comprehensive briefs. We also

have been favored with the opinion of Judge Gilmore who tried the case. We are in accord with the conclusions reached by the Judge on the motion for new trial and with his reasons therefor, which we adopt as the major part of this opinion. We will discuss briefly some of the errors assigned which are particularly urged in the briefs of the parties.

We first consider the appeal of the plaintiff from the judgment in behalf of the defendant administrator. It is the claim of the plaintiff, first, that judgment notwithstanding the verdict should be entered in her behalf against defendant administrator for the full amount of the verdict, namely, $10,000.00. This claim is predicated upon the proposition that as to four specifications of negligence against said defendant administrator, namely, the 2nd, 3rd, 5th and 6th, there is no dispute in the evidence and that therefore, as a matter of law defendant administrator's decedent was charged with negligence proximately causing plaintiff's decedent's death, and that as the jury has fixed the measure of plaintiff's damages this is no longer a subject of dispute.

The second specification of negligence of the plaintiff against the decedent of defendant administrator was that he was operating his automobile at a speed greater than would permit him to stop within the assured clear distance ahead. The third, that he failed to keep a proper lookout ahead. The fifth, that he failed to yield the right of way to the train; the sixth, that he failed to look and listen for the approach of the train at a time when such looking and listening would have been effective.

Upon the facts appearing we are content to say that as to the third, fifth and sixth specifications, in the most favorable viewpoint for plaintiff's contention, there was presented an issue of fact.

But it is asserted that under the strict interpretation of §12603 GC, adopted by our Supreme Court in many of their recent opinions, and particularly in **Smiley v The Arrow Spring Bed Company, 138 Oh St, 81,** the decedent of defendant administrator was violating the express terms of the section in failing to appreciate that he was approaching a railroad crossing and to stop his automobile before reaching said crossing and thus avoid the collision with the engine of defendant railroad companies.

The record discloses that the morning of the collision was dark and misty, visibility was low and Main Street was wet. Main Street at the railroad crossing in question is level and the tracks as they cross the street are not raised to any marked degree. The railroad companies had erected the crossarm warning signs required by the statute, but it appears that Lease's vision of these signs was obstructed by trees along Main Street. There is testimony that the red light of the lantern came into Lease's view but momentarily when he was approximately but 100 feet away from the crossing, and was

not again visible until he was so near to the crossing that he could not stop before reaching it. It is our judgment that the facts thus presented do not require that it be said as a matter of law that he should have seen or have known of the presence of the crossing so as to stop within the range of his vision. It was a disputed question whether or not in the exercise of ordinary care he should have observed the indicia of a railroad crossing so as to inform him that it was in the immediate line of his approach. Reasonable minds could differ upon the answer to the question whether or not he should have known of the presence of the crossing. The answer may not be resolved in favor of the plaintiff as a matter of law, and as the question was one of factual dispute it was properly submitted to the jury, as were the other specifications of negligence, 3rd, 5th and 6th.

The facts presented to the court in **Smiley v The Arrow Spring Bed Company** may readily be distinguished from the instant case. The opinion in this case certainly interprets the provisions of the assured clear distance ahead statute in the strictest terms conceivable, yet, even so, the court there was treating of a truck standing in the thoroughfare which, of course, was vsiible to the driver of the automobile as soon as he got over the brow of the hill. The difference in the physical situation presented in the cited case and the instant case is obvious. The movement of the train into the path of Lease's travel could have been found to have occurred so suddenly as that the assured clear distance ahead provision of the statute did not have application to him. **Proctor v White, 22 Abs 115.** The exception is also recognized in the latter part of syllabus 2 in **Smiley v The Arrow Spring Bed Co., supra.** The issues drawn upon specifications of negligence 2, 3, 5 and 6 were properly submitted to the jury and its determination can not be said to be manifestly against the weight of the evidence. The judgment in favor of defendant administrator will therefore be affirmed. Suffice to say that upon the appeal of the railroad companies there arises ultimately only the question of the weight of the evidence to support the judgment. The demurrer to the petition was properly overruled but if there had been a misjoinder of parties defendant it was not prejudicial in view of the verdict. The verdict of the jury was consistent with the claims of negligence made by the plaintiff against the railroad companies. The answer to the interrogatory clarifies the basis of the jury's verdict. Plaintiff's decedent's death may have been proximately caused by the negligence of the railroad companies in the particulars designated by the jury. We find no sufficient reason to disturb the judgment of the trial court. It will therefore be affirmed.

GEIGER, P. J., and BARNES, J., concur.