## HAYHURST, Plaintiff-Appellee, v. EMBREY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3841.   Decided February 16, 1946.

Vorys, Sater, Seymour & Pease, Columbus, for Plaintiff-Appellee.

Ballard and Dresbach and Robert Newlon, Columbus, and Russ E. Bothwell, Columbus, for Defendant-Appellant.

### OPINION

By HORNBECK, PJ.

Upon this appeal on questions of law, five errors are assigned and discussed in the briefs. We consider them briefly in the order presented.

1. Action of the trial judge in striking the third defense from the answer of defendant.

This defense set up that in an action in the Municipal Court of Columbus, Ohio, wherein Jackson Embrey was plaintiff and Charles Hayhurst was defendant, which action was for injuries and damages sustained by said Embrey in the amount of $450.00 in the same collision for which suit was brought in the instant case, said action in the Municipal Court was predicated on the negligence of Charles Hayhurst;

that in said cause Charles Hayhurst filed his answer denying negligence on his part proximately causing said collision; that said cause by agreement of the parties was settled and dismissed and that an entry to that effect was made in the journal of that Court.

Manifestly, if all that was stated in this defense was admitted it did not establish any negligence of the plaintiff in the instant cause, any adjudication of his negligence or any admission that he was at fault in the collision out of which the cause of action pleaded in the instant case arose. The nature of the settlement is not established by the journal entry pleaded.

2. Defendant plead by way of fourth defense accord and satisfaction whereby the plaintiff in the instant action was to pay and would pay $314.00 to the defendant Jackson Embrey in satisfaction of all claims arising out of the collision upon which plaintiff's cause of action in the instant cause is predicated.

The Court overruled a motion to strike this defense treating it as a demurrer and thereby held that if sustained, it was a complete defense.

Counsel for appellant in his brief asserts that the trial court refused to let the defendant develop his defense of accord and satisfaction and also erred in overruling defendant's motion to make the insurance company a party in the action.

We have examined the record carefully upon this assignment of error and we do not find that the trial judge at any time ruled that the defendant could not offer testimony to support his fourth defense.

Before opening statements to the jury, it was excused and the Court very fully permitted counsel to develop their respective views as to the right of the defense to mention the subject matter of the fourth defense of the answer, and after considerable colloquy and argument, one of counsel for defendant agreed that he would make no mention of this defense to the jury and would not read it in the opening statements, and further said, "If that will cure this situation here for the present we will not mention it." As we interpret the viewpoint of the trial judge on the question, it was, that if there was testimony which the defendant could produce tending to establish its fourth defense and if it was disputed, it would present a jury question. The matter was not, after the foregoing proceedings, again taken up or pursued

as the testimony developed. Nor did the defendant proffer any testimony to effect that the plaintiff had assigned any of his interest in the lawsuit or the benefits thereof to the company which had the insurance on his car. Upon the record, as it comes to us, we find no prejudicial error in either of the respects argued in the second assignment of error.

3. The admission in testimony of certain photographs showing the private driveway from which plaintiff testified the defendant emerged onto the highway and backed into his, plaintiff's line of travel, the pictures also showing certain tire marks.

In the case of Paulson v. Embrey, No. 3739, decision rendered September 21, 1944, we held that the same photographs now under consideration were properly admitted as disclosing a part of the scene of the accident. It is true that plaintiff does not claim that the impact of the cars occurred in the driveway nor immediately in front of it, but it was so connected with the occurrences at the time of, and particularly immediately before, the collision as to be a part of the physical setup incident thereto. The objection to the admission of the photos was general with special comment on the fact that the tire marks appearing had no probative effect to establish that they were made by defendant's car.

The witness, Talbot, testified that the physical condition appearing in the photos, which he identified, was the same as when he observed it shortly after daylight on the morning of the collision, and that the tire marks appeared to be freshly made. The fact that the tire marks appearing in the driveway, under all the circumstances, had no convincing effect that they were made by the defendant's car would not preclude the admission of the photographs if they were competent for any purpose, as they manifestly were. We are satisfied that there was no prejudicial error in their admission.

4. It is the basis of this assignment that the jury by an answer to an interrogatory submitted found that the plaintiff was able to stop his automobile at the time of the collision within his assured clear distance ahead.

The premise is not supported by the answer to the interrogatory which in form propounds two questions and,

inasmuch as the jury was required to answer the interrogatories as submitted, it may not be said that it found as claimed by appellant. In fact the answer to the interrogatory may well be reconciled with the answers to the other questions propounded and the general verdict.

5. This assignment in the brief is directed to the weight of the evidence which was especially stressed in oral argument.

It is urged that it is manifest that the jury was prejudiced because of the fact that it appeared that the defendant on the morning of the collision, was accompanied by a married woman not his own wife. It may not be said that this fact controlled the verdict. It is more probable that the untrue statements made by the defendant on the morning of the accident respecting the presence of the woman did weigh heavily against him. First, he said he was alone, later, that he was accompanied by a woman, and finally, that her brother also was with them. These admitted misstatements may very properly have affected his credibility which was vital to the success of his cause because the verdict of the jury depended upon its acceptance or rejection of the different versions of the accident as testified by the principals thereto.

Nor may the verdict be disturbed as being manifestly against the weight of the evidence because if the testimony of the plaintiff is true, the defendant's negligence in suddenly backing out of the private driveway into the highway and into the path of plaintiff's oncoming automobile, was clearly negligent and the proximate cause of the collision. Many diverse inferences may be drawn from the course of the automobiles after the impact, the amount of damage done to each of them, the physical condition of the highway and other factors but the jury had the right to resolve them in favor of the plaintiff, which it did.

The legal principle involved, as it affects the assured clear distance ahead doctrine, was first discussed and adjudicated by this Court in **Proctor v White, 22 Abs 115,** and later in **Pressing v Roadway Express, Inc., 69 Oh Ap 1; Smiley v Arrow Spring Bed Co., 138 Oh St 81,** and particularly in point is **Bohn v Deyo, 66 Oh Ap 500.**

We find no error assigned well made.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.