**WALCUTT, Plaintiff-Appellee, v FULLER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4077. Decided February 10, 1948.

Wiles & Doucher, Thomas A. Doucher of Counsel, Columbus, for plaintiff-appellee.

Hamilton & Kramer, Joseph R. Hague of Counsel, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Municipal Court of Columbus in favor of the plaintiff in the sum of $275.00 for damages resulting from an automobile collision. The case was tried to the Court without the intervention of a jury.

The plaintiff in his petition alleges that on December 17, 1945, he was driving his automobile in a westerly direction on First Avenue in the City of Grandview Heights and when he reached a point west of Gladden Avenue, the defendant who was operating a motor vehicle in a westerly direction on First Avenue, turned left directly into the path of said plaintiff, striking and damaging the motor vehicle of said plaintiff. Plaintiff alleges the direct and proximate cause of the accident was the negligence of the defendant in this, to wit: In failing to keep a lookout; in failing to have his car under control; and, in failing to give any signal of his intention to turn or vary the direction of his automobile prior to changing the same. Plaintiff states that his automobile was reasonably worth $1100.00 before the accident and $850.00 after the accident. Plaintiff asks damages also in the sum of $50.00 for the loss of use of his automobile for the period of one week.

The answer of the defendant is in the nature of a general denial, and that if plaintiff sustained any damage it was caused solely by his own negligence.

The defendant-appellant assigns as errors: that the judgment is against the manifest weight of the evidence and is not sustained by any evidence; that the Court erred in failing to sustain defendant's motion for a directed verdict at the conclusion of the plaintiff's case and at the close of all the testimony; and, that the judgment was contrary to law. The several assignments of error will be considered together.

The evidence presented on behalf of the plaintiff tends to prove that the accident happened at about 1:30 P. M.; that the street was covered with ice and snow and was slippery; that the plaintiff and defendant were both driving in a westerly direction on First Avenue, the defendant in front traveling at a speed between ten and fifteen miles per hour, and the plaintiff in the rear of the defendant traveling at a speed of

about five miles per hour greater than the defendant; that the plaintiff overtook the defendant and pulled to the center of the street, blew his horn to pass the defendant on his left side; that the defendant, without giving a signal, suddenly turned to the left to enter a driveway on the south side of the street; that before the defendant made the left turn the front wheels of plaintiff's automobile were about even with the rear wheels of the defendant's automobile; that the plaintiff turned to the left and applied his brakes; that because of the slippery condition of the street the plaintiff's automobile skidded or slipped into the defendant's automobile just as it was entering the driveway, the rear end extending into the street several feet. The right front end of the plaintiff's automobile came in contact with the left rear end of the defendant's automobile.

The defendant testified he did not see the plaintiff's automobile until the impact occurred and that he did not hear the sound of the horn. When questioned as to whether he gave a signal he testified: "I wouldn't say that I did", and as to whether he looked to the rear for other vehicles before turning, he testified, "I wouldn't say that I did or I wouldn't say that I didn't because I don't recall of that fact". Before making the turn the defendant was driving on the north side of the street in the lane for westbound traffic, the plaintiff was driving to the left and rear of defendant's automobile.

Is the "assured clear distance ahead" rule applicable? Sec. 6307-21 GC. The defendant invokes the rule and cites the case of **Higbee Company v Lindemann, 131 Oh St 479, 3 N. E.** (2d) 426, as authority for a denial of plaintiff's right of recovery. In that case a truck had stopped in the street some distance from the curb. The Court in discussing the failure of the driver of the other vehicle to stop within the "assured clear distance ahead", on page 480 stated:

"The driver of the truck, without signal or other warning, and without being required to do so by any obstacle in its path, but for the purpose of making delivery of some merchandise, brought it to a stop with its right hand wheel four or five feet from the curb. At the time of the collision and during the progress of her automobile from the intersection of Detroit Avenue, a few hundred feet to the south, the plaintiff 'was at such a distance behind the Higbee truck as that she could have brought it to a stop within the assured clear distance ahead' of her automobile."

In **Smiley v Spring Bed Company, 138 Oh St 81, 33 N. E.** (2d) 3, it is held that the rule is not applicable where the "assured clear distance ahead" is suddenly cut down without

the fault of the driver by the entrance within such clear distance ahead and into his path or line of travel of some obstruction which renders him unable in the exercise of ordinary care to avoid colliding therewith.

In Higbee Company v Lindemann, the truck did not leave the lane of traffic in which it had been traveling and had stopped. That case is clearly distinguishable from the facts in the instant case. For a discussion of the application of the rule to different situations reference is made to the following cases decided by this Court: **Kohnle v Carey, 80 Oh Ap 23; Reaves v The Joe O. Frank Co., 76 Oh Ap 1; Proctor v White, 22 Abs 115.**

In the instant case, in determining whether the trial Court committed error in overruling defendant's motion this Court is required to give the evidence a construction most favorable to the plaintiff. The defendant admitted he did not see the plaintiff until the impact and according to his testimony it is apparent that the defendant gave no signal before making a left turn which he was required to do. **Sec. 6307-38 GC.** On this evidence the trial Court was warranted in finding that the plaintiff had proven two specifications alleged in the petition, to wit: Failure to keep a proper lookout for other vehicles on the street before making a turn; and failure to give a signal of his intention to make the turn.

Was the plaintiff guilty of contributory negligence? We do not think so. The plaintiff had a right to pass the defendant's automobile. He proceeded to do so in lawful manner. He was operating his automobile in a different lane of travel. **Secs. 6307-27 and 6307-29 GC.** The only act of negligence charged against the plaintiff is that he failed to stop within the "assured clear distance ahead". However, the evidence clearly shows, as already pointed out, that the defendant suddenly changed the direction in which he was driving, turned to the left directly in the path of, and in such close proximity to, the plaintiff's automobile by reason of which, in the exercise of ordinary care, neither the space nor opportunity was given to the plaintiff to avoid a collision. Under this state of facts the "assured clear distance" statute (**§6307-21 GC**) is not applicable. To hold otherwise, a driver in passing another motor vehicle in a lawful manner would do so at his peril.

The evidence supports the amount of damages awarded. The judgment is not against the manifest weight of the evidence and is not contrary to law. The judgment is sustained by sufficient evidence and no error was committed in overruling defendant's' motion at the close of all the evidence. Judgment affirmed.

MILLER and HORNBECK, JJ, concur.