**KLEVER, Appellant, v. REID BROTHERS EXPRESS, INC., Appellee, and HARTFORD FIRE INSURANCE CO., Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 3884. Decided June 25, 1948.

Raymond J. Finley, Akron, for appellants.

H. A. Waltz and James Olds, Akron, for appellee Edmund Burroughs, Receiver for Red Brothers Express, Inc.

## OPINION

By STEVENS, J.

Plaintiff, William H. Klever, while driving his automobile north on state route 8 on the night of January 24, 1942, collided with a tractor-trailer operated by defendant's agent, and as a result thereof sustained personal injuries and property damage.

Suit was filed by plaintiff against defendant, charging defendant with negligence in not having the tractor-trailer lighted, as required by law, and that said tractor-trailer was backed into the highway without any warning to plaintiff.

Answer of defendant was filed, wherein defendant's negligence was denied, and plaintiff was charged with negligence which proximately contributed to cause his own injury and damage.

Trial was had in the Court of Common Pleas, where the jury returned a general verdict for plaintiff and for the intervening collision insurance carrier, The Hartford Insurance Co., for $20,000. The jury answered special interrogatories as follows:

"1. How far could the plaintiff see a substantial object in front of his car immediately before the accident?

"Answer: Forty feet due to weather conditions."

"2. How far was the plaintiff from the trailer when he first saw it?

"Answer: Forty feet."

"3. What was the position of the trailer when the plaintiff first saw it?

"Answer: We believe from the evidence, the rear end of the trailer was out in the highway, east lane No. 1, about four feet west of the curb."

Motion for judgment notwithstanding the verdict, and for judgment in accordance with the answers to the special interrogatories, was filed by defendant.

Upon consideration of that motion, the trial court found that plaintiff was guilty of contributory negligence for violation

of the assured-clear-distance portion of §12603 GC, and entered final judgment for the defendant.

The motion of plaintiff for a new trial was not passed upon by the court.

Appeal on questions of law seeks a reversal of the judgment for defendant.

The facts, as disclosed by the bill of exceptions, are as follows:

State route 8, at the point of collision, is a 30-foot brick paved road, consisting of three 10-foot traffic lanes, and is straight and level.

On the easterly side of the highway, Reid Brothers maintained a dock for storing tractors and trailers, the entrance to which was across the entire width of the lot, and in front of which was a cindered area.

On January 24, 1942, at shortly after 8 p. m., when it was dark and misty enough to require the operation of windshield wipers, plaintiff drove his Hudson car north on route 8, at about 35 miles an hour, in the right-hand, or easterly, traffic lane.

At the same time, Taylor Keith, defendant's agent, was backing or had backed, a tractor and trailer from the dock onto the highway at approximately right angles thereto. The distance which the tractor and trailer had proceeded into the highway when plaintiff first saw it, was disputed, as was the question as to whether or not the trailer was lighted. Klever first saw the trailer when he was 40 feet away from it; he thereupon turned to the left, or west, and applied his brakes, but was unable to stop or to avoid colliding with the trailer, which he struck at a point forward of the rear wheels thereof, with resulting injury to himself and damage to his car.

The errors assigned follow:

1. Error in submitting defendant's interrogatories 1, 2 and 3 for answer by the jury.

2. Error in rendering judgment for defendant in accordance with the special findings of the jury and notwithstanding the verdict for plaintiff.

3. Other errors apparent on the face of the record.

Appellant's first assignment of error has to do with his contention that, under the evidence, the assured-clear-distance portion of §12603 GC, has no application, because of the defendant's creation of an emergency by backing its trailer onto the highway in the path of plaintiff's automobile; in support of that claim, he relies upon Smiley v. Arrow Spring Bed Co., 138 Oh St 81, and Reeves v. Joe O. Frank Co., 76 Oh Ap 1.

The second syllabus of the Smiley case states:

"2. To comply with the assured-clear-distance-ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernable object obstructing his path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, **within** such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." (Emphasis ours.)

That case contemplates, in the second syllabus, a situation where the driver of a motor vehicle has an assured clear distance, and is operating his vehicle so as to be able to stop within that distance, when a discernable object is suddenly, without warning and without his fault, interposed in his line of travel, so as to reduce that assured clear distance, and the driver is thereby disenabled to stop in time to avoid a collision. Such a situation creates an emergency which falls within the exception to the assured-clear-distance rule.

To ascertain whether or not this plaintiff was complying with the requirements of that rule, it was entirely proper to require the jury, through interrogatories, to state how far plaintiff could see under the conditions there existing, and how far away the trailer was when plaintiff first saw it, as well as the position of the trailer on the highway. Those were important questions, material to the issues under consideration, and eliciting ultimate facts; it would have been error not to submit them especially in view of the fact that one of the issues made by the pleadings was the alleged contributory negligence of the plaintiff.

We find no prejudicial error in the submission of special interrogatories 1, 2 and 3 to the jury.

The second assignment of error challenges the correctness of the trial court's holding that the facts as established by the evidence, and the answers to the interrogatories, were controlling upon the question of contributory negligence; that the plaintiff violated the assured-clear-distance statute, and that the defendant was therefore entitled to a judgment notwithstanding the verdict.

It is urged by appellant that the answer to interrogatory No. 2 should not have been controlling because it inquired "How far was **plaintiff** from the trailer when he saw it?" whereas the statute deals with how far plaintiff's **car** was from the discernible object when it was first seen by the

driver. Claim is made that plaintiff was from 5 to 7 feet back of the front end of his car, and that the jury's answer to the interrogatory would thus put the front end of plaintiff's car 5 to 7 feet nearer than 40 feet when plaintiff first saw defendant's trailer, and thus it is claimed that the entry of the trailer into plaintiff's path of travel was within the 40-foot assured clear distance, which brings this case within the exception to the statute, as discussed in the Smiley case, supra.

To us it seems that the interrogatory in question is properly susceptible to the construction of inquiring "How far was plaintiff's **car** from the trailer when plaintiff first saw it?" Both of the other interrogatories dealt with the location of automobiles upon the highway, and the first interrogatory asked, "How far could the plaintiff see a substantial object in front of his car immediately before the accident?"

The jury was thinking in terms of the location of cars when it came to a consideration of interrogatory No. 2, and in our opinion the answer "Forty feet" was intended to mean that plaintiff's car was 40 feet from the trailer when plaintiff first saw the trailer.

If this construction of interrogatory No. 2 and its answer be adopted, then we are faced with this situation: Plaintiff could see a substantial object in his path of travel 40 feet in front of his car under the conditions then existing; he did see the trailer when it was 40 feet in front of his car; he did not or could not stop before colliding with the trailer; hence, in our opinion, reasonable minds could only conclude that the assured-clear-distance portion of §12603 GC, was violated, and that plaintiff was guilty of contributory negligence as a matter of law.

There is a further claim of appellant that the answer to interrogatory No. 1 is not supported by any evidence, and is manifestly against the weight of the evidence.

This claim is based upon the assertion that the only evidence in the record bearing upon the distance that plaintiff could see, is that of plaintiff; and his testimony indicates he could see 300 feet in front of his car with his bright headlights burning.

An examination of plaintiff's testimony reveals, however, that he did not say he could see 300 feet in front of his car with his bright lights, **under the conditions existing at the time in question.** From a consideration of all of the evidence, including that pertaining to mist, fog, rain, and the operation of plaintiff's windshield wipers, and also considering the reasonable inferences to be drawn therefrom, we cannot say that the jury's answers to the interrogatories were not

supported by evidence, or were manifestly against the weight of the evidence.

We have considered the other errors assigned, and find none of a prejudicial character.

A majority of the members of this court are of the opinion that this judgment should be affirmed.

Judgment affirmed.

DOYLE, PJ, concurs.

HURD, J, dissenting.

The issues and factual background of this case are sufficiently described in the majority opinion, thus obviating the necessity of repetition here.

In my opinion the conclusion of the trial court that the plaintiff was guilty of contributory negligence **as a matter of law** is not sustained by the evidence and is in direct conflict with the special findings of fact returned by the jury in answer to interrogatories Nos. 2 to 5, inclusive. The evidence in the record clearly shows issues of fact from which reasonable minds might reasonably draw different conclusions. Therefore, the determination of these issues was a question of fact for the jury rather than a question of law for the court.

The answer of the jury to interrogatory No. 1, to the effect that the plaintiff could see a substantial object in front of his car immediately before the accident, **only forty feet due to weather conditions,** is not supported by the trial court. The evidence in the record on this subject is the testimony of plaintiff to the effect that his automobile was equipped with good headlights and that he could see a distance of from two to three hundred feet in front of his car.

The answers of the jury to interrogatories Nos. 2 and 3, together with the evidence proffered by plaintiff, indicate that the trailer emerging from the private driveway first appeared to plaintiff when he was a distance of only forty feet away and that at that time the rear end of the trailer was out in the highway, east lane No. 1, about four feet west of the curb. There is a striking similarity here to the case of **Reeves v. Joe O. Frank Co., 76 Oh Ap 1**, where the court said in part:

"In applying the rule laid down here it is of vital importance whether the truck was parked on the main portion of the traveled highway or whether it was parked completely on the berm and then started up and cut across the highway in front of the plaintiff. If the latter was the case, then the assured clear distance rule would not apply and there would be no violation of §6307-21 GC, by the plaintiff."

It will be noted in the instant case that the jury could well find from the evidence, as undoubtedly they did, in view of their answers to special interrogatories 2 to 5, inclusive, and by their general verdict, that the assured clear distance ahead of the driver was cut down or lessened by the entrance into his path or line of travel of an obstruction creating an emergency which rendered him unable, in the exercise of ordinary care, to avoid colliding therewith.

The view of the Court of Appeals in the Reeves case, supra, finds adequate support in the decision of the Supreme Court in the case of **Smiley v. Arrow Spring Bed Co., 138 Oh St 81.** See also, **Proctor v. White, 22 Abs. 115.**

The majority opinion does not discuss interrogatories 4 and 5 and the answers thereto, which were as follows:

"4. Was the plaintiff negligent?
"Answer: In our opinion 'No.' "
"5. If you find the plaintiff was negligent, was such negligence a proximate cause of the collision?
"Answer: No."

These answers, which must be construed as findings of fact on all the evidence, were entirely consistent with answers to interrogatories 2 and 3 and the general verdict, which was in favor of the plaintiff in the sum of $20,000.

Holding these views, it is my opinion that the judgment of the Common Pleas Court should be reversed for error of law in granting the motion non obstante veredicto. The trial court having failed to rule on the motion for new trial, and no error prejudicial to the rights of the defendant appearing in the record, the case should be remanded to the trial court with instructions to overrule the motion for a new trial and to enter judgment in favor of the plaintiff upon the general verdict.