**BRYANT, Plaintiff-Appellant, v. INLAND PRODUCTS, INC., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2225.   Decided April 2, 1953.

510

Earl H. Moore, Jr., Fairborn, Joseph W. Sharts, Dayton, for plaintiff-appellant.
Byron E. Holzfaster, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment on behalf of defendant.

The action was for damages for personal injuries suffered by plaintiff on October 25, 1950, in a collision between a truck owned by defendant and a motorcycle ridden by plaintiff. Plaintiff was moving westwardly on Patterson Boulevard in the City of Dayton, following the truck of defendant moving in the same direction.

It was pleaded that plaintiff attempted to pass defendant vehicle on the right side and when approximately three-fourths past the truck, defendant's driver made a sharp right turn, causing the collision.

There are four specifications of negligence, the first of which only is specifically involved in this appeal, namely; that the defendant negligently and carelessly failed to give the proper signal when attempting to make a right turn. The answer was, substantially, a general denial of any negligence as alleged.

Trial was had; motions for directed verdict at the conclusion of plaintiff's case, and at the conclusion of the whole case, were overruled. The cause was submitted to a jury, which returned a verdict for the plaintiff in the sum of $3,287.00. After the verdict, plaintiff moved for leave to amend his amended petition by inserting an additional ground of negligence to conform to the proof, which motion was denied. Thereafter, defendant moved for judgment notwithstanding the verdict on four grounds.

(1) The verdict of the jury is against the weight of the evidence.

(2) The verdict of the jury is not sustained by evidence and is contrary to law.

(3 and 4) The Court erred in overruling the motions of defendant for a directed verdict.

Manifestly, the first ground for the motion is not proper, as the action of the trial judge cannot be invoked to weigh the evidence in a motion for judgment notwithstanding the verdict.

We apply the rule as set forth in the third syllabus of **Hamden Lodge v. Gas Co., 127 Oh St 469**, that upon a motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed more strongly in his favor.

It develops from the plaintiff's testimony that he was moving in the same lane and in the same direction as defendant's driver and when quite a distance back, intending to pass the truck to its left, observed its driver giving a sign of an intention to turn to the left by holding his left hand and arm horizontally from the body and outside the cab. That the plaintiff started to go around to his left, observed the signal and a movement of the truck to its left, and then decided to pass it to its right; that there were seven or eight feet to the right of the truck; that he had gotten around the truck, and about to its door, when it suddenly swerved to the right, forcing the plaintiff against the curb and injuring him. The plaintiff on cross-examination qualified his statement as to seeing the arm of the driver of the truck but said, in substance, that he judged the position of the arm from the position of the hand.

Plaintiff, for the purpose of establishing the agency of the driver for the defendant, put the driver of the truck on the stand. He testified that he gave a signal for a right hand turn. He said that his arm extended out of the left window and beyond the bed of the truck, and that plaintiff ran into the right rear wheel of the truck. Some of the further testimony of the plaintiff tended to weaken his case, and much of the testimony was favorable to the contention of the defendant.

The trial judge, in sustaining the motion, was of opinion that there was no substantial evidence of the negligence of the defendant and that if there were, the contributory negligence of plaintiff clearly appeared.

In our judgment, this case is controlled by **Pope v. Mudge, 108 Oh St 192.** The first and second syllabi of which are:

1. "It is error for the court to direct a verdict against the plaintiff, where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the allegations of the petition."

2. "If, in ruling upon a motion to direct a verdict, the court is required to detect the truth from conflicting evidence of the same or different witnesses, the motion should be overruled."

Upon the question of the contributory negligence of plaintiff as a matter of law, we are required to hold with the plaintiff's contention.

Whether or not the assured clear distance ahead statute had application was for the determination of the jury under a proper charge of the court. **Proctor v. White, 22 Abs 115. Erdman v. Mestrovich, 155 Oh St 85.** Of course, if the issue as to the giving of a signal was resolved in favor of the contention of the defendant, its driver would not be negligent and the question of contributory negligence of the plaintiff would not arise. If the signal was given as contended by the plaintiff, and there was a turn of the truck to the left, then contributory negligence of the plaintiff could not appear as a matter of law, but might be found from all the facts appearing.

Upon the second error assigned, the Court had wide discretion and we would not hold that it was prejudicially erroneous to plaintiff's right to refuse the leave to amend.

If the cause is retried, the amendment can be made in due time. There is, however, a very serious question if the amendment, as proposed, is not inconsistent with, and possibly in conflict with, the theory of the plaintiff that a left hand signal was given by the operator of defendant's truck.

The judgment will be reversed and cause remanded with instructions to overrule the motion for judgment non obstante veredicto, and for further proceedings according to law.

WISEMAN, PJ, MILLER, J, concur.