(No. 14450.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NORMAN HEIDE *et al.* Plaintiffs in Error.

*Opinion filed April 19, 1922.*

1. CRIMINAL LAW—*when a confession is not voluntary.* A confession obtained under any promise or hope of immunity, not being voluntary, is not admissible in evidence; and such a confession is not voluntary where any degree of influence is used to obtain it by a person having authority over the crime charged or over the person of the prisoner.

2. SAME—*when confession is not admissible because obtained by promise of leniency.* General advice to the prisoner to speak the truth if he says anything at all cannot be construed as being an offer of leniency or evidence of duress, but where the person who is lawfully in charge of prisoners arrested for robbery tells them that it will be better for them to speak the truth and that one who does so will be permitted to go to the State's attorney with his statement, a statement thereby obtained from them is not admissible as a confession although no direct promise of leniency was made.

3. SAME—*competency or incompetency of confession is not affected by subsequent denial.* Whether or not defendants charged with robbery denied having made statements, amounting to confessions, at the time of their arrest is not material on the question whether the statements or confessions are admissible, and if the evidence shows that the statements were obtained by duress or promises of leniency they are not admissible, notwithstanding the denial that any such statements were made.

FARMER, CARTER and THOMPSON, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

THOMAS E. SWANSON, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error were convicted in the criminal court of Cook county under an indictment charging them with robbing the West Suburban Motor Company at LaGrange, Illinois, being then and there armed with revolvers. The evidence shows that three men drove into said garage on the night of November 25, 1920, about eleven o'clock, and ordered oil for the motor of the car they were driving. The night man, Stanley Data, procured the oil for them, and then one of the men drew a revolver and ordered Data to hold up his hands. He was taken by the men into a back room, put onto the floor and tied. Thereupon the three men took a Marmon automobile belonging to the motor company, $143.70 in cash from the cash register, and a Buick car owned by John F. Fris. Chester Auter was arrested on the morning of December 8 and taken to the police station, where he gave such information to the police officers as resulted in the arrest of the plaintiffs in error. Upon being brought into the police station the police obtained from plaintiffs in error information resulting in the recovery of the Marmon car.

R. W. Plummer and Elmer R. Plummer, owners of the West Suburban Motor Company, were at the police station on the evening of December 8 when plaintiffs in error were brought in and statements made by them. On the trial of the case the State's attorney offered to prove by officer Christensen and the Plummers that confessions of the crime were made by plaintiffs in error. Counsel for plaintiffs in error objected on the ground that the statements were procured through promises of immunity, and asked that the court inquire into the matter out of the presence of the jury. The jury were excused, and the testimony of numerous witnesses, including that of plaintiffs in error, was heard by the trial judge, who decided that as plaintiffs in error

denied having made confessions they could not be held to have been influenced by any statements made to them by the police officers, and admitted the confessions in evidence. It is most earnestly urged that the court erred in admitting evidence of these confessions.

R. W. Plummer, one of the owners of the garage where the robbery took place, testified on the examination before the court that he was present in the police station when the officers questioned plaintiffs in error; that they at first denied having had anything to do with the crime; that Heide was told by the officers that the best thing would be for him to tell the truth; that if he did he would be taken to the State's attorney's office and the State's attorney would do the best for him. Elmer R. Plummer, part owner of the garage, testified that he was present when the conversation occurred between plaintiffs in error and the officers; that before either made a statement the police officer said that the man that told the truth to him would be given a chance to go before the State's attorney and make a statement; that no promise of immunity was made to either of the plaintiffs in error in the presence of the witness; that the officer said that it was not in his power to help them at that time; that one of the officers told plaintiffs in error, "You better tell the truth." E. M. Christensen, a police officer, testified that he was present at the time the statement was made but did not offer immunity but offered to take them to the State's attorney's office; that they might make a statement there; that he did not say anything to plaintiffs in error as to whether or not he had power to show them mercy or give them help; that he advised them to tell the truth; that he told them it was always best to tell the truth when in trouble; that he said, "We think a lot more of you if you tell the truth than we do if you lie;" that he did not promise immunity or promise to intercede for them in any way. Christensen, recalled during the process of this examination, testified that

he said to Heide that the State's attorney might show him leniency; that if there was any leniency to be shown it would be shown at the State's attorney's office, and if they told the truth he would take them to the State's attorney's office. The witness Elmer Plummer, when later recalled, testified that "they were told that if they would tell the truth they would be given leniency; that is not the exact words but something to that effect." Plaintiffs in error both denied that they made any statements whatever, but Heide testified that he was told by officer Christensen that if he admitted his guilt he would do what he could for him.

The rule is that a confession obtained under any promise or hope of immunity is not admissible in evidence. Such a confession is not voluntary where any degree of influence is used to obtain it by a person having authority over the crime charged or over the person of the prisoner. In *Bram* v. *United States,* 168 U. S. 570, a policeman made the following statement to a prisoner accused of murder: "I am satisfied that you killed the captain from all I have heard from Mr. Brown, but I said some of us here think that you could not have done all that crime alone. If you had an accomplice you should say so and not have the blame of this horrible crime on your own shoulders." This statement was held by the court to render inadmissible the evidence of a confession made by the prisoner; that the language of the police officer naturally imported a suggestion of some benefit to the prisoner arising from making a statement. The opinion in that case quoted Russell on Crimes, that "the law cannot measure the force of the influence used, to decide upon its effect upon the mind of the prisoner, and therefore excluded the declaration if any degree of influence has been exerted." The rule in this State is likewise that a confession becomes incompetent whenever any degree of influence has been exerted by any person having authority over the charge against the prisoner or over his person, tending to cause duress or hope of leniency,

for the reason that the law presumes that such confession was prompted by that influence. (*Robinson* v. *People,* 159 Ill. 115; *Austine* v. *People,* 51 id. 236; 1 Greenleaf on Evidence, secs. 219-222.) Statements of an officer to a prisoner that it would be better for him to tell the truth have been held by the courts of numerous States to be such an inducement as to render a confession inadmissible in evidence. *People* v. *Phillips,* 42 N. Y. 200; *Flagg* v. *People,* 40 Mich. 706; *Lambeth* v. *State,* 23 Miss. 322; *Earp* v. *State,* 55 Ga. 136; *Conley* v. *State,* 12 Mo. 462; *Biscoe* v. *State,* 67 Md. 6.

Where the statement of the officer in charge of the offense charged against a prisoner or of the person of such prisoner merely cautions the accused to tell the truth if he says anything, such statement cannot be held to amount to such an influence as to destroy the competency of a confession made thereafter, as the general advice to speak the truth if one speaks at all cannot be construed as being an offer of leniency or evidence of duress, but it has long been held, both in this country and in England, that where the admonition to speak the truth has been coupled with any expression importing that it would be better for the prisoner that he do so the confession made under such circumstances is not admissible in evidence, for the reason that such statement carries the inference that it would be better for the prisoner to say something than to remain silent. (*Case of Baldry,* 2 Denison's Crim. Cas. 430.) In the instant case the police officers told plaintiffs in error that it would be better for them to tell the truth, and in addition they were told that they would be taken to the State's attorney's office and would be allowed to make a statement; that the State's attorney might show them leniency. The natural effect on the minds of plaintiffs in error of such statements by the officers would be to cause them to feel that they were being advised to speak, and that if they told the truth they would be taken to the

State's attorney's office and allowed to make a statement, and then whatever he did for them would be better for them on account of their telling the truth. The frequent repetition of offers to take the plaintiffs in error before the State's attorney in case they told the truth imported that it would be to the advantage of plaintiffs in error to go before the State's attorney. While the police officers testified on the hearing, out of the presence of the jury, that they made no promises of leniency, yet the effect and influence of their statements were to raise a hope of leniency in the minds of plaintiffs in error. The only reasonable import of a statement that the plaintiffs in error would be permitted to go before the State's attorney if they told the police the truth was that it would redound to their benefit to appear before that officer. This is further borne out by the fact that plaintiff in error Heide, after having made his statement, attempted to assist the police officers in determining the whereabouts of one Novak, who was believed to have been implicated in this robbery.

It is urged by defendant in error that as plaintiffs in error denied having made confessions to the officers they could not have been influenced by anything that was said to them. This argument is beside the question. The evidence of the State's witnesses offered before the court shows that they did make such confessions, and, as we have seen, shows that the same were induced by statements giving rise to hope of leniency. Therefore, whether or not plaintiffs in error denied making such confessions is not material to a determination of the admissibility of such as evidence. Where there is evidence showing that a confession was made, the fact that the accused denies making it does not affect the competency or incompetency of the evidence of such confession. Whether such evidence is competent or incompetent depends upon whether or not the record shows the prisoner to have been influenced by statements of officers having custody of him or control of the charge against

him, amounting to duress or tending to raise in his mind a hope of leniency. It cannot be said in this case that the evidence against the plaintiffs in error was of that clear and convincing character which would cause a verdict of guilty against them had not the confessions been admitted in evidence. To admit these confessions under the proof in this case was prejudicial error.

Other errors are assigned on the record, but as the judgment must be reversed for the reasons indicated and the other errors assigned will probably not arise on another hearing of the cause it is not necessary to discuss them.

For the error indicated the judgment must be reversed and the cause remanded.        *Reversed and remanded.*

FARMER, CARTER and THOMPSON, JJ., dissenting.