THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK GRIFFITH, JR., Defendant-Appellant.

Fourth District   No. 13292

Opinion filed July 29, 1976.

John C. Wooleyhan, of Quincy, for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Frank Griffith, Jr., appeals from a conviction and sentence of 4 to 5 years' imprisonment for rape imposed after a jury trial in the Circuit Court of Adams County. The offense is alleged to have occurred during early morning hours. About noon of that day, defendant was taken into custody and transported to the Adams County Courthouse. There, he was questioned by two police officers. Defendant first denied having been with the victim during the time of the offense, then admitted having consensual sexual intercourse with the victim, and finally admitted the use of sufficient force to make the conduct rape. The police made a tape recording of this interrogation. On appeal, defendant contends that the trial court erred in denying a motion to suppress evidence of the

substance of the interrogation and in permitting the two police officers to testify as to this conversation at trial.

In ruling upon the propriety of the denial of the motion to suppress, we consider first defendant's contention that he did not knowingly, intelligently, and understandingly waive his *Miranda* rights prior to making the confession. The tape recording was played at the hearing on the motion. It showed that prior to questioning, an officer read from a document the standard *Miranda* warnings and then read from the same document a form of acknowledgment that the statement of *Miranda* rights had been read and explained. The officer then told defendant "This indicates that you know what your rights are and that you are, and that you are willing to talk to us. You are not admitting anything other than the fact that you are willing to talk to us. OK?" The defendant responded "Right" and then signed the acknowledgment.

Defendant complains that the rights were read rapidly and without explanation and that during this time he was distracted by the ringing of a phone and the opening of a door. At the hearing, defendant testified that he signed the acknowledgment and proceeded with the questioning without understanding that he had a right to counsel during interrogation. He relies on the statement in *People v. Prim,* 53 Ill. 2d 62, 67, 289 N.E.2d 601, 604, that *Miranda* "does not contemplate a ritualistic recital of meaningless words." There the court upheld an explanation of *Miranda* rights that was given in question and answer form. The opinion gives no indication that a direct statement of rights as given here is necessarily insufficient.

The tape recording is presently in such condition that we are not able to determine whether a door was slammed or a telephone rang during the officer's reading of *Miranda* rights. We note that defendant made no complaint of not being able to hear at the time the rights were read. Prior to signing the acknowledgment, defendant indicated that he knew the nature of the acknowledgment he was signing. The statement read fully, explained that defendant had a right to have a lawyer present during interrogation and that one would be appointed if he were indigent and requested a lawyer. This statement was self-explanatory.

The defendant was a 21-year-old married meal operator in a soybean factory who had gone through his junior year in high school. The record indicates that he was a poor student but seemed to be able to function in society. He had driven an automobile for 6 years.

■■ We do not deem the trial court's finding that defendant's waiver of *Miranda* rights was voluntary, free and knowing to be contrary to the manifest weight of the evidence.

Defendant further contends that the confession should have been suppressed because of false or misleading statements made by the

interrogating officers to the defendant during interrogation. In the pre-*Miranda* case of *Spano v. New York*, 360 U.S. 315, 3 L. Ed. 2d 1265, 79 S. Ct. 1202, a false statement knowingly used by an interrogating police officer who was a close acquaintance of the defendant was held to be one of the circumstances that overcame the will of the defendant and caused him to make an involuntary confession which should have been suppressed. In *People v. Pritchett*, 23 Ill. App. 3d 368, 319 N.E.2d 101 (abstract opinion), the defendant confessed after police had falsely represented to him that they had fingerprint evidence to use against him. The court recognized the ruling in *Spano* but indicated that a confession induced by such trickery should only be suppressed when the misrepresentation was of a nature likely to produce an untrustworthy confession. A similar standard is followed in *Commonwealth v. Baity* (1968), 428 Pa. 306, 237 A.2d 172, and *People v. Watkins* (1970), 6 Cal. App. 3d 119, 85 Cal. Rptr. 621.

■■ None of the misrepresentations in the instant case were made until after defendant had admitted that he had intercourse with the girl and had done so after informing her that she might get hurt if she ran away. First, the defendant was told that a doctor would confirm the fact that the complainant had been raped, when, in fact, the police merely had access to a medical report which indicated that complainant had had intercourse and that she had bruises in her pelvic area and elsewhere on her body. Second, defendant was told that fingerprints would indicate whether he had removed complainant's underpants when, in fact, the interrogating officer did not intend to send the garment out for fingerprint examination. Third, defendant was told that witnesses had seen him leaving a parking lot with complainant in his truck when, in fact, no such witnesses existed. None of the falsehoods secured the admissions sought. Defendant never admitted any violence against the body of the victim or force in making penetration. He never admitted removing the victim's pants. He had already admitted being with the victim in the parking lot. The misrepresentation as to witnesses seeing defendant there was apparently made to encourage defendant to admit that he drove away from the lot rapidly. He never made such an admission. The only admission made by defendant after the falsehoods was his statement that he coerced the girl into his truck with him by pointing the handle of a small broom that resembled a gun at her. We see no indication that an innocent defendant would have admitted doing this because of misrepresentations about other aspects of the transaction. The misrepresentations did not vitiate the confession.

At about the same point in the interrogation that the officers' misrepresentations had been made, the officers also praised the defendant for his cooperation and told him that in the event of a plea of guilty, the

court would be told of his cooperation. They also told him, however, that if he went to trial and his use of force had to be proved, they would not be able to make such a recommendation. After this statement, defendant admitted the use of the broom handle to intimidate the victim to enter his truck. In *People v. Hubbard*, 55 Ill. 2d 142, 302 N.E.2d 609, a confession made after a police officer had promised to inform the State's attorney of defendant's cooperation if he did so, was held to be valid. The officers' promises here were of a similar nature and did not invalidate the instant confession.

■■ Finally, defendant argues that the motion to suppress should have been allowed because, prior to defendant making any incriminating statement, the officers told him that if he confessed, he would be admitted to bail and would not lose his job. We do not so interpret the evidence. The statements made by the officers were accurate statements of defendant's right to bond.

We rule the motion to suppress to have been properly denied.

At trial, the two police officers were permitted to testify, over defendant's objection, as to the statements made by him during the interrogation. Defendant's objection was based on the "best evidence rule." That doctrine has been stated as follows:

> "The rule is this: in proving the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent." (McCormick, Evidence §230 at 560 (2d ed. 1972).)

The tape recording of the interrogation was available at the trial. In overruling the objection, the court relied on *People v. Spencer*, 264 Ill. 124, 106 N.E. 219. There an oral confession of a defendant had been taken down by a shorthand reporter and transcribed and was available at trial. Nevertheless, the court held that the trial court had properly permitted persons present at the time the oral confession was made to testify to the contents of the confession. The decision has never been overruled.

The rationale of the *Spencer* decision is explained:

> "A happening or transaction may itself assume the form of a writing, as with a deed or a written contract, in which case proof of the happening or transaction necessarily involves the contents of the writing and calls for application of the Best Evidence Rule. If, however, the event or happening does not take the form of a writing, it may ordinarily be proved by nondocumentary evidence even though a written record or memorandum was made. The proof is directed to the occurrence of the happening or transaction and not to the contents of the record or memorandum." Cleary, Handbook of Illinois Evidence §15.3 (2d ed. 1963).

Defendant relies on *Belfield v. Coop*, 8 Ill. 2d 293, 134 N.E.2d 249, where, in a will contest, the court ruled admissible the tape recording of conversations with the testator at the execution of the will, although the person making the recording was incompetent to testify to the conversations. He also relies on *People v. Caldwell*, 39 Ill. 2d 346, 236 N.E.2d 706, where in allowing a written confession to be taken to the jury room, the court indicated that a tape recorded confession might also have been sent to the jury room. The effect of those decisions is to place properly authenticated tape recordings of conversations on the same level of admissibility as oral testimony by those present at the conversation but not to give any precedence to tape recordings. Nothing in the opinions alters the rationale of *People v. Spencer*.

The admission of the testimony of the police officers as to the confession was also proper.

The conviction and sentence are, accordingly, affirmed.

Affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.