THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL B. WILSON, Defendant-Appellant.
First District (4th Division)    No. 77-1103

Opinion filed March 16, 1978.

Joseph P. Cascino, Jr., of Evanston, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, defendant, Michael B. Wilson, was convicted of attempt robbery and aggravated battery (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4, 12—4) and sentenced to a term of 3 to 9 years for the offense of attempt robbery. Defendant contends that he was not proved guilty beyond a reasonable doubt and that his sentence is excessive.

On June 1, 1976, at 12:10 a.m., the victim, Dr. Jonathan Merrill, saw two males coming toward him as he was walking south on Greenbay Street near Noyes in Evanston, Illinois; he positively identified defendant as one of these men. Dr. Merrill testified that as they approached him, the defendant handed a radio to his companion, put his hand under his jacket, leaned toward this witness and said, "I've got a gun, give me your wallet." Dr. Merrill said he put his hands over his head and told defendant he did not have a wallet but only a few coins and some keys. The defendant again demanded money from Dr. Merrill. The man accompanying defendant struck Dr. Merrill in his left eye, at which point the victim ran for approximately ½ block when he was grabbed from behind and knocked down, causing him to fall to his knees.

According to Dr. Merrill, while he was struggling with the men in front of a house, an occupant thereof, Deroy Elliott, came out and told the two

men to leave the doctor alone, but they continued to hit their victim. Mr. Elliott asked a lady in the house to call the police and then went to the assistance of Dr. Merrill, helping him into the house. As Dr. Merrill entered, he was struck from the back by one of his assailants.

When the police arrived, they took Dr. Merrill to a hospital where his injuries were diagnosed as massive contusions to his eye, an intraorbital fracture of a bone below the eye, a depressed nasal fracture, and an injury to his left knee which required surgery.

Deroy Elliott testified that he heard someone fall against his front door. He then opened the door and saw two men hitting the victim, Dr. Merrill. He told his niece to call the police and then assisted the doctor into the house. He further stated that there was blood on the victim's face and added that the assailants remained outside of the house until the police arrived, at which point they ran. He testified that the street light in front of his residence was lit on the night in question.

Police officer Harold Lund testified that he took Dr. Merrill to the hospital and observed that he was limping, had a bruised eye that was "starting to close," blood on his face and red marks around his face and eyes. He further stated that after viewing a three-man lineup Dr. Merrill positively identified defendant as one of the men who accosted him.

Police officer Leonard Halsema testified that he questioned the defendant before he was placed in the lineup and defendant told him that the fight was between his companion and the doctor. Defendant told him that there was no demand made for the victim's money and that he did not participate in the fight. However, Officer Halsema stated that defendant refused to tell him how he happened to be present and also refused to identify his companion.

Defendant testified in his own behalf, stating that his companion was his cousin and that it was he who demanded the money and who fought the doctor. Defendant stated that he merely stood by with the radio in his hand and observed the two men fight. He further testified that during the fight the doctor charged at him and pulled him down, and that in self-defense defendant brushed him off.

■■ Defendant contends that the State's evidence is insufficient to establish that he aided, abetted, or participated in the assault on the doctor and, therefore, he was not proved guilty beyond a reasonable doubt. He further maintains that his testimony was not contradicted by the State. We disagree. At the police lineup and in court, Dr. Merrill made a positive identification of the defendant as the person who demanded his money and as the person who knocked him to the ground. Dr. Merrill's testimony was corroborated by Mr. Elliott who said he saw two men hitting the victim. Conversely, defendant states that he was a bystander and did not personally commit the offense, nor was he accountable for the

acts of his cousin. The jury, after hearing the testimony and weighing the credibility of witnesses, resolved the issues against defendant. The jury was clearly not obliged to believe the defendant's evidence. (*People v. Clark* (1972), 52 Ill. 2d 374, 387, 288 N.E.2d 363.) The determination of the jury will not be set aside unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People v. McClindon* (1973), 54 Ill. 2d 546, 549, 301 N.E.2d 290.) We think the evidence supports the jury's determination.

■■ ■ Defendant next contends that the sentence of 3 to 9 years imposed by the trial court is excessive. The record reveals that the trial court commented upon the brutality, viciousness, and senselessness of this assault. The court further took notice that the defendant had two prior convictions for burglary. It is proper for a trial court to consider the seriousness of the crime and the general moral character of the offender. (*People v. Morgan* (1974), 59 Ill. 2d 276, 282, 319 N.E.2d 764.) A trial court is ordinarily in a position superior to a reviewing court to make a sound determination as to the punishment to be imposed (*People v. Williams* (1977), 47 Ill. App. 3d 798, 804, 365 N.E.2d 415) and, absent an abuse of discretion, its determination will not be set aside. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.) There is no basis to conclude that the sentence imposed upon defendant was improper.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI and LINN, JJ., concur.