(No. 52923.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. STERLYN W. WOODS, Appellant.

*Opinion filed September 15, 1980.*

James J. Doherty, Public Defender, and James H. Reddy, Assistant Public Defender, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Marcia B. Orr, Iris E. Sholder and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Sterlyn Woods, defendant, was charged with the murder of Tarran Jones in the circuit court of Cook County. After a bench trial, he was found guilty of involuntary manslaughter. (Ill. Rev. Stat. 1977, ch. 38, par. 9—3.) He was sentenced to four years in the penitentiary with an additional one-year term of mandatory supervised release. The appellate court affirmed the decision of the circuit court. (80 Ill. App. 3d 56.) We granted leave to appeal. The only issue raised on appeal is whether the State has proved beyond a reasonable doubt that the defendant's actions did not constitute self-defense under the facts of the case.

Defendant was charged with the September 25, 1978, fatal beating of Tarran Jones. At the time of the occurrence the defendant was 18 years old, 6 feet 3 inches tall, weighed 200 pounds, was employed as a meat cutter, and had been a football player in high school. The evidence discloses that at approximately 9 p.m. on the evening of the incident, the defendant was at Miss Quincy's Lounge, where occasionally he was called upon to maintain order and sometimes to assist in spinning

records as a disc jockey. He was not compensated for these services by the owner of the tavern.

On that evening, either three or four young men entered the lounge together. They were loitering and did not buy any drinks. A barmaid asked the defendant to tell the men that if they did not purchase drinks, they would have to leave. The defendant relayed the message, which seemed to anger at least one of the men. After an exchange of words and shoving, a fight ensued between one of the men and the defendant. During the fight the companions of the original combatant joined the fight and the defendant was struck over the head with a beer bottle and a flower pot. He suffered cuts on his head which caused bleeding. The defendant hit the combatant five or six times in the face before being held back by someone in the lounge. The combatant ran from the lounge and the defendant gave chase. The companions left the bar after the defendant. Shortly thereafter the people who worked at the lounge got everyone out of the lounge and closed the door. The police were summoned, but by the time they arrived, "everything was over so they left."

The defendant did not catch the combatant so he returned to the lounge. While returning the defendant encountered Tarran Jones walking toward him in front of the lounge. He did not know Jones, but he testified at trial that he thought Jones might have been one of the attackers from the bar. (The medical examiner's testimony was that Jones was 6 feet and weighed 130 pounds.) The defendant testified that, as he and Jones approached each other, the defendant's arm was raised and his fist was clenched as he asked Jones, "you one of them too, ain't you?" Jones did not answer the question verbally, but punched defendant in the face. The defendant then struck Jones on the left side of his head, knocking him into an iron gate. His head did not hit the gate. Jones

bounced off the gate. Although he was not attempting to throw another punch, the defendant struck him twice more in the face, knocking him back into the gate. Jones began to slide down the gate, covering his face. Defendant hit him a fourth and possibly a fifth time as Jones was falling. Defendant stated he would have hit Jones again, but someone pulled him away.

The police were called again and the victim was taken to the hospital, where he died from his head wounds on September 26. The forensic pathologist testified that Jones died of a brain hemorrhage caused by traumatic injuries or blunt-force injuries. Defendant turned himself in on October 2, 1978.

At the trial, the defendant testified that he believed Jones was one of the men he fought with in the lounge, although he was unsure, and that at the time of the encounter with Jones he believed he was in danger of being hurt but not killed. He also admitted on cross-examination that Jones was not armed and the blow rendered by Jones did not hurt him. Further, Jones swung at him only once. Defendant admitted, when questioned about whether he thought Jones was one of his attackers when he hit him, "you know how revenge builds up inside me."

The trial court found defendant had not acted in self-defense but was guilty of manslaughter. He was sentenced to imprisonment for four years, plus one year mandatory supervised release. The appellate court affirmed the ruling of the trial court. We affirm the judgment of the appellate court.

The defendant contends that his actions constitute the affirmative defense of self-defense and that he was not proved guilty beyond a reasonable doubt by the State. On the subject of self-defense, the Criminal Code of 1961 provides in pertinent part:

"[A person] is justified in the use of force which is intended or likely to cause death or great bodily harm only

if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another ***." (Ill. Rev. Stat. 1977, ch. 38, par. 7—1.)

Self-defense is an affirmative defense (Ill. Rev. Stat. 1977, ch. 38, par. 7—14), and once it is raised by presenting some evidence tending to prove the defense, the State then has the burden of proving the defendant's guilt beyond a reasonable doubt as to that issue, together with all the other elements of the offense. Ill. Rev. Stat. 1977, ch. 38, par. 3—2; *People v. Williams* (1974), 57 Ill. 2d 239, 242, *cert. denied* (1974), 419 U.S. 1026, 42 L. Ed. 2d 302, 95 S. Ct. 506; *People v. Warren* (1965), 33 Ill. 2d 168, 173.

Whether a killing is justified under the law of self-defense depends upon the surrounding facts and circumstances and is to be determined by the trier of fact. (*People v. Jordan* (1960), 18 Ill. 2d 489, 492.) When a cause is tried without a jury, the law commits to the trial judge the determination of the credibility of the witnesses and the weight to be given their testimony, and where the evidence is merely conflicting, this court will not substitute its judgment for that of the trier of fact who heard the evidence. *People v. Thornton* (1962), 26 Ill. 2d 218, 222; *People v. Dillon* (1962), 24 Ill. 2d 122, 127.

We hold that the evidence in the record was sufficient to permit the trial court to determine that the defendant's action did not constitute self-defense because the defendant did not reasonably believe the force he executed was necessary to prevent imminent death or great bodily harm to himself. Although the defendant testified that he was afraid of being hurt, he stated that the only blow he received from the decedent did not hurt him. The defendant estimated that the victim was 5 feet 7 inches, sort of short, and of average build. The record discloses the victim was 6 feet and 130 pounds. The defendant was 6 feet 3 inches, 200 pounds and, as the record discloses, very capable of handling himself in a fight.

Second, the defendant took a very aggressive, intimidating role in confronting Jones. Although he was obviously agitated from the prior incident in the bar, this did not sanction his making threatening advances to people he met on the street. The defendant admitted he approached Jones with his arm raised and his fist clenched. He stated he was still angry and prepared to strike when he asked Jones if he was "one of them." This occurred in the early morning hours and noting the difference in size of the defendant and the deceased, the trial court could reasonably conclude that the deceased was the one acting in self-defense even though he delivered the first blow. It is not necessary that blood first be drawn before the right of self-defense arises. (*People v. Speed* (1972), 52 Ill. 2d 141, 146, *cert. denied* (1972), 409 U.S. 983, 34 L. Ed. 2d 247, 93 S. Ct. 3220.) The circumstances and events described by defendant failed to buttress his defense of self-defense.

Defendant's testimony supports the conclusion that he beat Jones because he believed Jones "was one of them," not because he reasonably believed the force he used was necessary to prevent death or great bodily harm to himself. The right of self-defense does not justify an act of retaliation or revenge. (*People v. Thornton* (1962), 26 Ill. 2d. 218, 222; *People v. Dillon* (1962), 24 Ill. 2d 122, 125.) The self-defense concept is to protect person, not pride. The defendant's actions after the first blows were struck show a desire on his part to seek revenge rather than acting in self-defense. The punch thrown by Jones hit the defendant in the face; however, it admittedly did not hurt. The defendant's first blow knocked Jones back into a gate with such force that Jones bounced off the gate. He did not attempt to throw another punch at defendant, but the defendant struck him two more blows to the head, knocking him back into the gate. Then, as Jones was falling down, defendant continued to deliver blows to Jones' head. These are not the actions of a per-

son defending himself but those of one on the attack seeking revenge.

We believe the totality of the evidence presented provided no basis upon which the court could conclude that defendant reasonably believed the use of such overwhelming force was necessary to prevent great bodily harm to himself. For the above-stated reasons, we affirm defendant's conviction and sentence.

*Judgment affirmed.*