THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM FENDER, Defendant-Appellant.

First District (4th Division)    No. 80-313

Opinion filed December 11, 1980.

James J. Doherty, Public Defender, of Chicago (John Lanahan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Gino P. Naughton, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Following a bench trial defendant was convicted of criminal damage to property (Ill. Rev. Stat. 1979, ch. 38, par. 21—1(a)); he was sentenced to a one-year term of probation and ordered to make $55 in restitution. On appeal he contends that he was not proved guilty beyond a reasonable doubt by the circumstantial evidence presented. We disagree and affirm the conviction.

About 5 a.m. on June 9, 1979, Chicago police went to a north side alley in response to a burglary-in-progress call. There the arresting officer saw one man seated in a car, supposedly sleeping, and two men standing behind a Pontiac automobile. One of the latter men was defendant; he was holding a "pull hammer, slide hammer" and striking it against the ground. The hammer had an automotive-type ignition assembly attached to it; the Pontiac ignition switch appeared intact. Defendant told police that he was fixing his lock. At this time one of the two men with defendant told police they were fixing the car brakes. The police spoke to two neighborhood residents and then took defendant and the other two men to the police station. One officer then returned to the area to look for a green Buick Apollo which he found about one block from where defendant was arrested. The officer noted one car door was slightly open, a coat hanger was in the car and the car interior was in disarray; the ignition assembly had been removed from the steering column. The ignition switch taken from defendant fit into the 1975 Buick.

The owner of the Buick testified that 7 hours before defendant's arrest he parked his car in front of his house. One hour after defendant's arrest, he was contacted by police and went to look at his car. He saw the contents of the glove compartment strewn about the car interior and a hole in the steering column where the ignition switch was missing.

The defense presented the testimony of Vincent Clinnard, who was a long-time good friend of defendant. Clinnard produced a title to a 1975 Buick Apollo, which had not yet been recorded with the Illinois Secretary of State,[1] and said that he had bought the car for $200 about 2 months before[2] from "a guy" who had a television repair shop on 51st Street and Damen Avenue in Chicago, but he did not know the seller's name. This car was wrecked, and Clinnard intended to salvage the parts of the car. In order to move the car the ignition switch had to be pulled to release the front wheels. Defendant pulled the switch when the car was purchased and retained the switch.

Defendant testified that he worked for his father as a furniture builder. Defendant claimed that, when he was arrested, he was putting brake fluid in the master cylinder of his grandmother's 1971 Pontiac in order to allow the brakes to operate. The brakes had failed several minutes before. Defendant admitted that he had tools in the car, including a dent puller in addition to the ignition switch Clinnard had given him. Defendant produced an auto repair estimate for the car prepared several days after his arrest showing the defective condition of the brake cylinder, and defendant said that he did the repair work himself.

On cross-examination defendant said that at the time he was arrested his brother and a friend were with him; another friend lived nearby, although the latter was not present. Defendant conceded that he lived "quite a ways" from where he was arrested. Defendant denied holding a slam puller with the ignition switch when the police arrived. Defendant told police that he was fixing the brakes and not a lock.

On appeal defendant contends that the evidence of guilt was insufficient when contrasted to his theory of innocence. He notes that he presented documentary evidence that the brakes on his grandmother's car were not properly operative and that Clinnard explained how defendant got the ignition switch. This, defendant says, negates the State's case that was dependent primarily on the fact that the ignition switch fit into the damaged car located about one block from defendant's arrest. Further, defendant notes there was no evidence linking defendant's ignition switch with that car.

---

[1] The title purportedly bore the seller's signature, but it was not notarized. The title did not show the date of transfer.

[2] Trial occurred on July 27, 1979. The purchase would have apparently taken place at the end of the month of May, but the witness could not pinpoint the precise date.

Resolution of defendant's contention is premised on acceptance of the defense witnesses' credibility. It is axiomatic that the trial court, as trier of fact, is not required to accept the testimony of defendant or his witnesses. (*People v. Ortiz* (1978), 65 Ill. App. 3d 525, 530, 382 N.E.2d 303; *People v. Wilson* (1978), 58 Ill. App. 3d 522, 525, 374 N.E.2d 852.) In this case defendant was arrested about 5 a.m. in an alley. He was holding a tool which could have been used to pull out a car ignition from the vehicle located one block away; the ignition switch held by this tool matched the type stolen from the ransacked vehicle. Defendant's presentation of an auto repair estimate about the brakes on his grandmother's car and Clinnard's rather vague testimony about how defendant got the ignition switch seem highly suspect, and obviously the trial court determined that such evidence was a fabrication. We cannot say that this evidentiary evaluation was erroneous. *People v. Akis* (1976), 63 Ill. 2d 296, 298-99, 347 N.E.2d 733.

Defendant's reliance on *People v. Thompson* (1975), 35 Ill. App. 3d 105, 340 N.E.2d 631, is also misplaced. There a car battery was being carried by a co-defendant in an alley late at night. The co-defendant and two defendants said they were merely drinking in an alley late at night when a stranger sold the co-defendant two batteries, one of which was proved to be stolen. In reversing the two defendants' convictions the court noted there was a lack of evidence that defendants knew the battery was stolen, had participated in the theft, had control over the battery or aided the co-defendant. Conversely, in this case defendant clearly had possession of the ignition switch taken from the ransacked Buick.

Further, defendant's claim that there was no evidence linking the ignition switch taken from him by police to the nearby recently damaged vehicle is also without basis. Obviously, precise identification of the ignition switch was not possible since there was no claim that it had any serial number or other readily identifiable characteristic. But defendant was found in possession of the same type of switch as the one taken, his possession was contemporaneous with the damage to the vehicle, and he possessed the tool to pull out the switch. We find such factors sufficient to show that defendant possessed the ignition switch from the damaged vehicle. See *People v. Kozlowski* (1968), 95 Ill. App. 2d 464, 472, 238 N.E.2d 156.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.